CHARLES H. WATSON, Respondent, v. ADIRONDACK TRAILWAYS, Appellant.

Third Department, October 24, 1974.

*McCann, Ahern & Sommers* (*Donald H. McCann* of counsel), for appellant.

*St. John, Ronder & Bell* (*Howard C. St. John* of counsel), for respondent.

STALEY, JR., J. Plaintiff sustained personal injuries on June 7, 1971 when he was assaulted in the vicinity of defendant's bus terminal in Kingston, New York. Prior to the assault, plaintiff had driven his wife to the bus terminal where she was to take a bus for New York City. After parking his automobile, plaintiff accompanied his wife to the terminal, purchased her ticket, and after she had boarded the bus, he stood alongside of the bus awaiting its departure. While so waiting, he observed a black man speak to the bus driver and walk away. The bus driver testified that while he was standing at the door of the bus, a black man, later identified as Mr. Green, tried to board the bus; that Green smelled strongly of alcohol; his trousers were unzipped; and he was swinging his arms and fists in a violent manner. The bus driver refused to permit him to board the bus. The bus driver reported the episode to his supervisor who was standing nearby. Mr. Strassman, an off-duty driver, was also present and observed Green approach the bus, and testified that Green's clothes were in disarray, and that he appeared to be intoxicated.

After Green was prevented from boarding the bus, he entered the restaurant-ticket area, and while there the bus departed. Green then came out of the terminal, opening the door with such force that he knocked down two high school students who were entering. Plaintiff had started toward his parked automobile when Green tackled him, knocking him to the ground and began pounding him stating "You promised to wait for me." At no time did any of the defendant's employees take any affirmative action to control Green. There was a direct telephone line from the bus terminal to the Kingston police headquarters and, after the assault, the police were notified and arrived at the terminal within a minute after being called.

One in possession or control of premises held open to the public is required to use reasonable care to protect its invitees from injuries reasonably to be anticipated. (*Castro* v. *New York R. T. Corp.*, 253 App. Div. 832; *Platt* v. *Erie County Agric. Soc.*, 164 App. Div. 99; *Schubart* v. *Hotel Astor*, 168 Misc. 431, affd. 255 App. Div. 1012, affd. 281 N. Y. 597.)

Although defendant was not an insurer of the safety of its patrons at the terminal, it was required to use reasonable care

506

to prevent injury to them, even through the acts of third persons. It was a question of fact for the jury to determine whether, under all the circumstances, the assault was attributable to defendant's failure to exercise reasonable care in protecting plaintiff from injury, and the jury's unanimous verdict finding in favor of plaintiff should be affirmed. (*Walton* v. *Doyle*, 9 N Y 2d 783.)

Defendant further contends that it was error to permit a medical witness, who had originally examined plaintiff after the assault, to testify from another surgeon's report in relation to operative procedure undertaken in connection with the surgery on plaintiff's arm. The witness read from the hospital record which was in evidence and gave answers to questions defining medical terms and procedures applied to plaintiff's injury, and such opinion evidence was properly received in evidence.

The judgment should be affirmed, with costs.

HERLIHY, P. J., KANE, MAIN and REYNOLDS, JJ., concur.

Judgment affirmed, with costs.