## (January 9, 1978)

■ MAUREEN B. FAFARD et al., Respondents, v SHAKE C. AJAMIAN, Appellant.—In a negligence action to recover damages for personal injuries, etc., defendant appeals from a judgment of the Supreme Court, Suffolk County, entered April 13, 1977, which is in favor of plaintiffs, upon a jury verdict. Judgment reversed, on the law, and new trial granted limited to the issue of damages only, with costs to abide the event. Although the evidence presented by plaintiffs-respondents was sufficient to support an award for permanent injuries, several erroneous rulings of the trial court necessitate a new trial limited to the issue of damages. The court erroneously precluded defendant-appellant's doctor from testifying as to the meaning of an entry on the injured plaintiff's 1976 Huntington Hospital pregnancy record. That record contains references to the results of an examination of her extremities, which references are relevant to her claim of damages in this case. Notwithstanding the doctor's absence at the time of the examination, he should have been allowed to give his opinion of the meaning of that entry (see *Watson v Adirondack Trailways,* 45 AD2d 504). Defendant should also have been given an opportunity to impeach the injured plaintiff's testimony denying the existence of prior back complaints. Her 1964 hospital records contain inconsistent statements on this material issue and should have been received in evidence (see *Larkin v Nassau Elec. R. R. Co.,* 205 NY 267; Richardson, Evidence [Prince-10th ed], § 501). In addition, the trial court erred in instructing the jurors on the husband's derivative action for loss of consortium when it told them to consider "what effect [her injury had] on the home, on the whole family". An action for loss of consortium is personal

to the spouse (see *Millington v Southeastern Elevator Co.,* 22 NY2d 498, 503). As a result, it does not include the element of emotional harm which a mother's injury may have upon the whole family. However, the trial court did not err when it refused to charge, in the broad language requested by defense counsel, that the injured plaintiff's failure to follow her physician's instructions may be considered by the jury in arriving at its verdict. A person is not under an absolute obligation to follow the advice of a physician in order to minimize damages. His duty in this respect is only to use ordinary care in following the advice *(Williams v City of Brooklyn,* 33 App Div 539; Ann., 48 ALR2d 346, 365). Mollen, P. J., Suozzi, Shapiro and Hawkins, JJ., concur.