■ Douglas Prescott, Respondent, v Newsday, Inc., Defendant, and Sewanhaka Central School District, Appel-

lant.—In an action to recover damages for negligence and breach of an alleged common-law right to privacy, the defendant Sewanhaka Central School District appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Goldstein, J.), dated January 11, 1988, as denied its motion to dismiss the complaint for failure to state a cause of action.

Ordered that the order is reversed insofar as appealed from, on the law, without costs or disbursements, and the motion of the Sewanhaka Central School District to dismiss the complaint as against it for failure to state a cause of action is granted.

This action arises out of the publication of a news article by Newsday on November 2, 1983, about an alternative educational program operated by the defendant school district. The plaintiff, 17 years of age at the time the article was published, was one of the students enrolled in the program. The Supreme Court dismissed the complaint as asserted against Newsday but declined to dismiss the complaint as asserted against the school district on the ground that triable issues of fact existed with regard to the liability of that defendant. The complaint alleges that the school district wrongfully permitted a reporter to enter the plaintiff's classroom and encouraged the plaintiff to speak to the reporter without obtaining his parent's permission.

We find that the Supreme Court erred in denying the school district's motion to dismiss the complaint as against it for failure to state a cause of action. First, as the plaintiff concedes, the complaint is defective on its face since it sets forth only a common-law right to privacy claim, which is not recognized in New York (see, Arrington v New York Times Co., 55 NY2d 433, 442). However, the criterion in determining the sufficiency of the pleaded allegation is whether the proponent of the pleading actually has a cause of action, not whether he has properly stated one (see, Guggenheimer v Ginzburg, 43 NY2d 268, 275; Rovello v Orofino Realty Co., 40 NY2d 633, 636).

Nonetheless, we find that plaintiff does not have a cause of action sounding in negligence against the school district. The three basic elements of actionable negligence include (1) a duty owing to the injured party, (2) a breach of that duty, and (3) an injury proximately resulting therefrom (see, Boltax v Joy Day Camp, 67 NY2d 617). While a school district is obliged to adequately supervise the activities of students within its

charge and will be held liable for damages for foreseeable injury proximately related to the absence of supervision *(see, Cavello v Sherburne-Earlville Cent. School Dist.,* 110 AD2d 253), we conclude that the cause of action alleging negligent supervision does not encompass a duty to protect students from the publication of a newspaper article. Since the defendant did not owe any duty to the plaintiff as a matter of law, no liability can ensue *(see, Johnson v Jamaica Hosp.,* 62 NY2d 523, 528; *De Angelis v Lutheran Med. Center,* 58 NY2d 1053, 1055; *Gonzalez v Pius,* 138 AD2d 453). Accordingly, the complaint against the school district is dismissed for failure to state a cause of action. Mollen, P. J., Mangano, Kooper and Spatt, JJ., concur.