■ CHAPPO & COMPANY, INC., Appellant, v ALLAN RILEY COMPANY, INC., Respondent. [639 NYS2d 383]

Plaintiff, an unlicensed real estate broker, cannot circumvent the licensing requirement of Real Property Law § 442-d by characterizing the loan it allegedly negotiated on defendant's behalf as a "leasebacked note transaction". The documentary evidence clearly establishes that a mortgage was the dominant security under the loan allegedly negotiated by plaintiff, and the assignment of rents incidental. Accordingly, the IAS Court properly determined that plaintiff was acting as a real estate broker within the meaning of the statute and had to be licensed as such to maintain this action. Concur—Rosenberger, J. P., Ellerin, Rubin and Nardelli, JJ.

■ FLORENTINO UBILES, Respondent, v ROSENZWEIG LUMBER CORP. et al., Appellants and Third-Party Plaintiffs-Appellants-Respondents. SILVESTER LANGO, Third-Party Defendant-Respondent-Appellant. [639 NYS2d 383]

Since plaintiff suffered a substantial permanent partial loss of the use of his dominant hand and arm, impairing his ability to pursue his occupation, and continuing to cause incidents of severe pain, the monetary award does not deviate materially from what would be reasonable compensation (CPLR 5501 [c]). Concur—Rosenberger, J. P., Ellerin, Rubin and Nardelli, JJ.