■ Horace Jenkins, Jr., Appellant, v Heinz Ehmer et al., Respondents. [707 NYS2d 738] —Order unanimously reversed on the law with costs, motion denied and complaint reinstated. Memorandum: Plaintiff commenced this action against defendant Downtown Motor Lodge, Inc., the corporate owner of a motel business, and defendant Heinz Ehmer, the corporation's president, and sole shareholder and the owner of the property on which the motel is located. Plaintiff alleges that defendants were negligent in failing to provide security adequate to prevent an assault upon plaintiff in an exterior hallway of the motel.

Supreme Court erred in granting that part of defendants' motion for summary judgment dismissing the complaint against the corporate defendant. A landowner has a duty to take minimal security precautions against foreseeable criminal activity, including assaults upon individuals on the premises (*see, Burgos v Aqueduct Realty Corp.*, 92 NY2d 544, 548; *Nal-*

*lan v Helmsley-Spear, Inc.,* 50 NY2d 507, 518-519). A landlord owes such a duty of care to its tenants (*see, Miller v State of New York,* 62 NY2d 506, 513; *Nallan v Helmsley-Spear, Inc., supra,* at 518), and an innkeeper owes a similar duty of care to its guests or tenants (*see, Kahane v Marriott Hotel Corp.,* 249 AD2d 164, 165; *Penchas v Hilton Hotels Corp.,* 198 AD2d 10, 10-11).

The corporate defendant failed to demonstrate its entitlement to judgment as a matter of law on the issues of negligence and causation. In any event, plaintiff raised triable questions of fact on those issues. With respect to foreseeability, plaintiff established that there were innumerable complaints of criminal activity at the motel during the two years prior to the assault, including 13 specific acts or threats of assault (*see, Nallan v Helmsley-Spear, Inc., supra,* at 519-520; *Kender v Taj Mahal Hotel,* 234 AD2d 518), and that police were at the motel on a daily basis responding to reports of crime or otherwise dealing with the motel manager on security issues. Plaintiff further established that police, guests, neighbors and the motel manager all perceived the need for the motel to hire additional security guards, but that the motel continued to employ a single, part-time, inexperienced security guard as the full extent of its security precautions (*see, Nallan v Helmsley-Spear, Inc., supra,* at 520). "What safety precautions may reasonably be required of a landowner is almost always a question of fact for the jury" (*Nallan v Helmsley-Spear, Inc., supra,* at 520, n 8). Contrary to defendants' assertion, plaintiff need not conclusively demonstrate that the assailant was an intruder (*see, Brewster v Prince Apts.,* 264 AD2d 611, 613, *lv dismissed* 94 NY2d 875). In any event, it is a triable issue of fact whether the assailant was an intruder (*see, Burgos v Aqueduct Realty Corp., supra,* at 551-552; *Nallan v Helmsley-Spear, Inc., supra,* at 520-521).

The court also erred in granting that part of defendants' motion for summary judgment dismissing the complaint against Ehmer on the ground that he could not be held "liable separate and apart from the corporation." Although an out-of-possession landlord generally will not be held liable for a defect in the leased premises, "one who retains control of the premises * * * may be liable for defects" (*Young v Moran Props.,* 259 AD2d 1037, 1038). Ehmer was at the motel on a frequent basis and failed to sustain his burden of showing that he lacked notice of the allegedly dangerous condition of the premises or did not retain control over the premises. (Appeal from Order of Supreme Court, Monroe County, Galloway, J.—Summary Judg-

ment.) Present—Green, J. P., Wisner, Hurlbutt, Kehoe and Lawton, JJ.