■ LOUIS MANE et al., Appellants-Respondents, v JOHN BRUSCO et al., Respondents-Appellants. [721 NYS2d 620] —Judgment, Supreme Court, New York County (Robert Lippmann, J.), entered on or about August 26, 1999, which, upon a jury verdict for plaintiff and against defendants, awarded plaintiff the principal sum of $60,000 and apportioned $28,089 for medical expenses and $31,911 for past and future pain and suffering, unanimously modified, on the facts, to vacate the award for past and future pain and suffering, and the matter remanded for a new trial solely as to damages for past and future pain and suffering, and otherwise affirmed, without costs, unless defendants, within 30 days of service of a copy of

this order with notice of entry, stipulate to increase the award for past pain and suffering to $50,000 and to increase the award for future pain and suffering to $100,000 and to entry of an amended judgment in accordance therewith.

In the complained of accident, the then 14-year-old plaintiff severed an ulnar nerve, ulnar artery and two tendons in his non-dominant hand. Despite two surgeries and extensive physical therapy to repair the damage to his hand, plaintiff has been left permanently injured; he has lost sensation in part of the injured hand, his hand muscle has atrophied, and he has a positive Tinel sign and weakness in the hand and forearm. It is uncontroverted that plaintiff has permanent nerve damage and a disfiguring scar. In these circumstances, we conclude that the jury award of $31,911 for past and future pain and suffering deviates materially from what is reasonable compensation to the extent indicated (see, CPLR 5501 [c]).

Although defendants urge that the trial court erred in precluding them from offering evidence on the issue of liability, the conditional order of preclusion upon which their claim of error is purportedly premised is not included in the record, and defendants' references to a supplemental record are improper, no motion for enlargement of the record having been made (see, Mount Lucas Assocs. v MG Ref. & Mktg., 250 AD2d 245, 254). In any event, preclusion was proper since it is plain that defendants did not comply fully with the preclusion order and they made no motion for vacatur of the default upon which it was entered (see, Orabi v George Hildebrandt, Inc., 157 AD2d 506).

Defendants were not entitled to a missing witness charge with respect to plaintiff's cousin since the cousin's testimony would have addressed the issue of liability, which was not a pending material issue at trial by reason of the preclusion order (see, People v Gonzalez, 68 NY2d 424, 428).

We have reviewed defendants' remaining arguments pertaining to the admission in evidence of a piece of glass from the accident site and the testimony of plaintiff's expert respecting that glass, and find them unavailing. Concur—Nardelli, J. P., Williams, Tom, Andrias and Buckley, JJ.