■ WHARTON REALTY, Appellant, v MAIN 38 REALTY, INC., et al., Respondents. [735 NYS2d 386] —Order, Supreme Court, New York County (Marilyn Shafer, J.), entered on or about October 31, 2000, which granted defendants' motion for summary judgment dismissing the complaint and denied plaintiff's cross motion for summary judgment, unanimously affirmed, without costs.

The documentary evidence clearly establishes that plaintiff agreed to provide a tenant for premises owned by defendants' predecessor in interest in exchange for a portion of the rent collected from that tenant. Since plaintiff's role in the agreed upon transaction involved nothing but the provision of services in connection with leasing real estate, the real estate component was central, not incidental (*see, Chappo & Co. v Riley Co.*, 225 AD2d 468), and the motion court properly determined that plaintiff was acting as a real estate broker within the meaning of Real Property Law § 442-d. It is, however, undisputed that plaintiff was not a licensed real estate broker and, accordingly, plaintiff may not maintain this action to obtain compensation for acting in that capacity (Real Property Law § 442). Because section 442-d is a complete bar to recovery for the services allegedly rendered by plaintiff, we need not consider any of plaintiff's alternative theories of recovery. Concur—Williams, J. P., Tom, Lerner, Buckley and Friedman, JJ.