Patrick DI BENEDETTO, Sandra Di Benedetto, Plaintiffs–Appellants,

v.

PAN AM WORLD SERVICE, INC., Defendants–Cross–Claimant–Appellee,

Pan American World Airways, INC., Alert Management Systems, Inc., Defendants–Cross–Defendants–Appellees,

Aeroflot Soviet Airlines, Defendant–
Cross–Claimant–Appellee.

Docket No. 03–7031.

United States Court of Appeals,
Second Circuit.

Argued: Nov. 24, 2003.
Decided: Feb. 27, 2004.

Joseph O. Giaimo, Giaimo & Vreeburg, Kew Gardens, NY, for Plaintiffs–Appellants.

Jeffery J. Ellis, Quirk & Bakalor, P.C., New York, N.Y. (Anoushka Sharifi Bayley, on the brief), for Defendants–Cross–Defendants–Appellees Pan America World Airways Inc. and Alert Management Systems, Inc.

Michele Fried Raphael, Wolf Popper LLP, New York, N.Y. (Lester L. Levy, on the brief), for Defendant–Cross–Claimant–Appellee Aeroflot Russian Airlines, formerly known as Aeroflot Soviet Airlines.

Before: CALABRESI, B.D. PARKER, and RAGGI, Circuit Judges.

CALABRESI, Circuit Judge.

Plaintiffs–Appellants Patrick Di Benedetto and Sandra Di Benedetto appeal from the district court's grant of summary judgment in favor of the defendants in this long-running tort case. Because we conclude that the plaintiffs have, as a matter of law, failed to show that any of the defendants breached a duty of care owed to the plaintiffs, we AFFIRM the judgment below.

Despite more than ten years of litigation, the events underlying this case are still shrouded in mystery. The facts as we know them, and construed, as they must be, in favor of the non-moving party, *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970), are as follows: On September 15, 1990, a

Russian laser scientist, Eugene Shklovsky, boarded an Aeroflot flight from Moscow to John F. Kennedy Airport ("JFK") in New York City. In his checked luggage [1] was a bag containing unlabelled and unreported chemicals. At some point the bag in question was transferred to another Aeroflot flight, and, on September 16, 1990, ended up on a Pan Am baggage carousel in JFK. Mr. Di Benedetto was, at the time, on duty at JFK as a Port Authority police officer, and he responded to a report that there was an unclaimed bag emitting smoke on a Pan Am baggage carousel. He opened the bag, and plumes of smoke emerged, allegedly causing him serious injury.

In 1992, the plaintiff and his wife brought suit in state court against Aeroflot, Pan American World Airways ("Pan Am"), and Alert Management Systems ("Alert," which provided security services to Pan Am), seeking to hold them liable for his injuries. Aeroflot, at the time an instrumentality of Russia, removed the case to the U.S. District Court for the Eastern District of New York pursuant to 28 U.S.C. § 1441(d), and carried the other defendants with it to federal court. *See Arango v. Guzman Travel Advisors Corp.*, 621 F.2d 1371, 1375–78 (5th Cir.1980). We do not here review the labyrinthian procedural history of the case, because the appeal is concerned with only one portion of it: the district court's September 2001 decision granting summary judgment to the defendants against the plaintiffs' common law negligence claims. The plaintiffs argue (a) that summary judgment was premature because there had been inadequate discovery, and (b) that it was otherwise inappropriate because Pan Am had breached its duty of care as the property owner, and Aeroflot had breached its duty of care

---

1. Plaintiffs have at times stated that the bag was hand carried. But before the district court, they conceded that it was checked.

by failing to x-ray or physically to inspect the bag in question at any time before, during, or after Shklovsky's travel. The defendants cross-claim, contending that New York common law is here preempted by federal laws that regulate airline safety.

■ The plaintiffs' first claim is easily disposed of. Plaintiffs did not argue the point to the district court, and did not file, in that court, the Rule 56(f) affidavit necessary to support such a contention. *See* Fed.R.Civ.P. 56(f); *Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 303 (2d Cir.2003). "[T]he failure to file an affidavit under Rule 56(f) is itself sufficient grounds to reject a claim that the opportunity for discovery was inadequate." *Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137 (2d Cir.1994).

■ Under New York law, which is the only law argued to the district court, a plaintiff in tort must establish (1) that the defendant owed him or her a cognizable duty of care; (2) that the defendant breached that duty; and (3) that the plaintiff suffered damage as a proximate result of that breach. *Solomon by Solomon v. City of New York*, 66 N.Y.2d 1026, 1027, 499 N.Y.S.2d 392, 489 N.E.2d 1294 (1985). The existence and scope of duty is, in New York, a legal question, to be answered by the Court of Appeals in a broad, categorical fashion. *See Stagl v. Delta Airlines, Inc.*, 52 F.3d 463, 469 (2d Cir.1995) (collecting New York cases); *see, e.g., Hamilton v. Beretta U.S.A. Corp.*, 96 N.Y.2d 222, 232, 727 N.Y.S.2d 7, 750 N.E.2d 1055 (2001).

■ Here, we have no doubt that the requisite duty existed. Pan Am (and through them, Alert) had a duty of care to Di Benedetto arising out of Pan Am's control over the baggage terminal in which Di Benedetto worked. *See Stagl*, 52 F.3d at 467; *Watson v. Adirondack Trailways*, 45

A.D.2d 504, 505, 359 N.Y.S.2d 912 (3d Dep't 1974). Aeroflot also doubtless owed the plaintiff a duty to exercise "ordinary care commensurate with the existing circumstances." *Stagl*, 52 F.3d at 471 n. 5 (internal quotation marks omitted). And this is surely so despite the fact that the injury allegedly occurred on Pan Am's carousel. We have no doubt, for example, that if Aeroflot had *negligently* allowed a bomb to be placed on one of its flights, and that bomb eventually exploded in another airline's terminal or in another airline's baggage claim area, Aeroflot would have breached a duty to the individuals working and passing through those places. *See id.* at 468 (" '[A] carrier must reasonably take cognizance of the habits, customs and practices followed generally by its passengers insofar as these actions present hazards to its business invitees, and with an awareness of these hazards, it must take reasonably appropriate steps to avoid or minimize the likely harm.' ") At the level of duty, the same conclusion applies to this case.

■ The question of breach is quite different. Normally, in New York, breach is determined by the jury. *See Stagl*, 52 F.3d at 469 (collecting cases). But, of course, "[o]nly in those cases where there arises a real question as to [a defendant's] negligence should the jury be permitted to proceed." *Basso v. Miller*, 40 N.Y.2d 233, 242, 386 N.Y.S.2d 564, 352 N.E.2d 868 (1976). No such "real question" has been raised here. Given the conceded facts— the time and circumstances—of Shklovsky's flight, no jury could have properly found that a reasonable airline (here, Aeroflot) would have x-rayed or hand-searched every checked bag on every one it its flights, as would have been necessary to find the chemicals in question. Nor can it be claimed that it was unreasonable for Pan Am (or Alert) to have failed to x-ray

or search every bag before it was placed on Pan Am's baggage carousel. The plaintiffs have suggested no other theory of breach, and their negligence claim therefore fails.[2]

We have considered all of plaintiffs' claims and find them meritless. We therefore AFFIRM the judgment of the district court.

**2.** Because we find that the defendants were not negligent, we need not consider the defendants' counter-claim that the plaintiffs' common law claims are preempted by federal law.