Same memorandum as *Gerbino v Tinseltown USA* (13 AD3d 1068 [2004]). Present—Pigott, Jr., P.J., Pine, Scudder, Martoche and Lawton, JJ.

Appeal from an order and judgment (one paper) of the Supreme Court, Monroe County (William P. Polito, J.), entered December 16, 2003 in a personal injury action. The order and judgment were entered upon a jury verdict in favor of plaintiffs and against defendants Tinseltown USA and Cinemark USA, Inc.

It is hereby ordered that the order and judgment so appealed from be and the same hereby is unanimously reversed on the law without costs and a new trial is granted on damages for future pain and suffering unless plaintiffs, within 20 days of service of a copy of the order of this Court with notice of entry, stipulate to decrease the verdict to $350,000 for future pain and suffering, in which event the order and judgment is modified accordingly and as modified the order and judgment is affirmed without costs.

Memorandum: Salvatore M. Gerbino (plaintiff), an off-duty police officer, was working part-time as a security guard at defendant Tinseltown USA, a movie theater owned and operated by defendant Cinemark USA, Inc. (Cinemark USA). Plaintiff

was assaulted by patrons while attempting to prevent the assault of one patron by another, and plaintiffs commenced this action seeking damages for the injuries plaintiff suffered in the assault.

Contrary to the contention of Cinemark USA and Tinseltown USA (collectively, Cinemark), Supreme Court properly dismissed plaintiffs' action against defendant John Stewart, individually and doing business as Pro-Tect Security. Insofar as Cinemark and Stewart were allegedly "joint or concurrent tort-feasors," Cinemark is aggrieved by that dismissal and may properly challenge that ruling on this appeal (*Zillman v Meadowbrook Hosp. Co.*, 45 AD2d 267, 270 [1974]; *see Stone v Williams*, 64 NY2d 639, 641 [1984]). With respect to the merits, however, Stewart "did not owe a common-law duty to protect the plaintiff, and the plaintiff did not show that he was a third-party beneficiary of any agreement" between Cinemark and Stewart (*Pascarelli v LaGuardia Elmhurst Hotel Corp.*, 294 AD2d 343, 344 [2002]; *see Sepulveda v Empire of Hempstead*, 6 AD3d 603, 604 [2004]). Additionally, Stewart did not acquire a duty to plaintiff pursuant to *Church v Callanan Indus.* (99 NY2d 104, 111-112 [2002]) or *Espinal v Melville Snow Contrs.* (98 NY2d 136, 139-141 [2002]).

Contrary to the further contention of Cinemark, we conclude that the court properly refused to admit certain evidence. It is well settled that a trial judge has "broad discretion to determine the materiality and relevance of proposed evidence" (*Hyde v County of Rensselaer*, 51 NY2d 927, 929 [1980]). Here, the court did not abuse its discretion in determining that Cinemark's evidence concerning security at other theaters was not relevant absent evidence that the other theaters were comparable. We further conclude that the court did not err in precluding admission of a surveillance videotape where, as here, the court determined that the videotape was not inconsistent with the testimony of plaintiff concerning his injuries. The determination whether a videotape should be admitted lies within the sound discretion of the trial court and, here, the court did not abuse that discretion (*see Kane v Triborough Bridge & Tunnel Auth.*, 8 AD3d 239, 241 [2004]). We also conclude that the court properly admitted Cinemark's internal employee guidelines and instructed the jury accordingly where, as here, the guidelines were admitted to establish that Cinemark lacked any guidelines for handling security issues (*see Banayan v F.W. Woolworth Co.*, 211 AD2d 591, 592 [1995]; *see also Brown v Metropolitan Tr. Auth.*, 281 AD2d 159, 161 [2001]).

With respect to Cinemark's "duty to take minimal security

precautions against foreseeable criminal activity, including assaults upon individuals on the premises" (*Jenkins v Ehmer*, 272 AD2d 976, 976 [2000]; *see generally Nallan v Helmsley-Spear, Inc.*, 50 NY2d 507, 518-519 [1980]), we conclude that Cinemark did not establish, as a matter of law, that it met that duty. Generally "[w]hat safety precautions may reasonably be required of a landowner is almost always a question of fact for the jury" (*Nallan*, 50 NY2d at 520 n 8; *see Jenkins*, 272 AD2d at 977).

Contrary to Cinemark's contention, we conclude that the court properly dismissed the comparative negligence, superseding cause and assumption of risk defenses. There is "no valid line of reasoning which could lead the jury to find plaintiff comparatively negligent" (*Perales v City of New York*, 274 AD2d 349, 350 [2000]; *see Nallan*, 50 NY2d at 516-517) and, because the criminal actions of third parties were a normal and foreseeable consequence of Cinemark's negligence, there was no basis to instruct the jury on the defense of superseding causes (*see Pomeroy v Buccina*, 289 AD2d 944, 945 [2001]). Finally, the court properly dismissed the assumption of risk defense because, to the extent that the assumption of risk defense arguably applied to plaintiff, an off-duty police officer (*see Levine v Chemical Bank*, 221 AD2d 175 [1995]; *Campbell v Lorenzo's Pizza Parlor*, 172 AD2d 478, 478-479 [1991], *lv denied* 78 NY2d 863 [1991]), General Obligations Law § 11-106 abrogated the "firefighter's rule," which had precluded firefighters and police officers from commencing negligence actions (*see Giuffrida v Citibank Corp.*, 100 NY2d 72, 77-78 [2003]; *Galapo v City of New York*, 95 NY2d 568, 573 [2000]).

Although the court erred in charging the jury that the security guards were agents of Cinemark as a matter of law (*see Crage v Kissing Bridge Ski Area*, 186 AD2d 987, 988 [1992], *lv denied* 81 NY2d 702 [1993]), we conclude that the error is harmless because, regardless of whether the security guards were agents or independent contractors, Cinemark was vicariously liable for their negligence based on its nondelegable duty to keep the premises safe (*see Backiel v Citibank, N.A.*, 299 AD2d 504, 505 [2002]; *see also Kleeman v Rheingold*, 81 NY2d 270, 273-275 [1993]; *Atkinson v Golub Corp. Co.*, 278 AD2d 905, 906 [2000]).

With respect to the court's charge on the liability of landowners and apportionment of liability, we conclude that the charge "accurately stated the law as it applie[d] to the facts in this case and did not prevent the jury from fairly considering the issue of [Cinemark's] negligence" (*Hemmerling v Barnes* [appeal No. 2], 269 AD2d 752, 753 [2000]). We further conclude that the court

properly refused to charge the jury on mitigation of damages insofar as it applied to plaintiff's purported failure to follow medical advice (*see Dombrowski v Moore*, 299 AD2d 949, 951 [2002]). We agree with Cinemark, however, that the court erred in failing to instruct the jury on mitigation of damages insofar as it applied to plaintiff's lost wages. Plaintiff testified that he did not seek part-time security employment even though he was not under any medical restriction with respect to such employment. Thus, because plaintiff did not contest his employability or his failure to seek such employment, the court should have instructed the jury accordingly (*see Murphy v Columbia Univ.*, 4 AD3d 200, 203-204 [2004]; *McLaurin v Ryder Truck Rental*, 123 AD2d 671, 673 [1986]). We therefore modify the order and judgment in appeal No. 1 by vacating the award of damages for lost wages and grant a new trial on damages for lost wages only.

We further agree with Cinemark's contention that the award for future pain and suffering materially deviates from what would be considered reasonable compensation (*see* CPLR 5501 [c]). Plaintiff suffered hearing loss, tinnitus, wrist problems, a shoulder injury and temperomandibular joint dysfunction. Plaintiffs' experts testified that some of those injuries could improve and resolve themselves while others may result in permanent mild discomfort. There is a possibility that plaintiff may have to undergo surgery on his wrist in the future. After the first trial, the jury awarded plaintiffs $100,000; the court, however, set that portion of the verdict aside and ordered a new trial unless Cinemark stipulated to an additur to $150,000. We conclude that the court's determination that the initial award was "inadequate" was not an abuse of discretion (*cf. Mane v Brusco*, 280 AD2d 436, 437 [2001]). When Cinemark did not stipulate to the additur, a second trial was held on the issue of future pain and suffering. Following that trial, the jury awarded plaintiffs $900,000 for a period of 30 years. After reviewing cases involving comparable wrist injuries (*see Cabezas v City of New York*, 303 AD2d 307, 308 [2003]; *Garcia v Spira*, 273 AD2d 57 [2000]; *Panzarella v Multiple Parking Servs.*, 238 AD2d 906, 907 [1997]), comparable dental injuries (*see Rivera v City of New York*, 293 AD2d 383 [2002]; *Kushner v Mollin*, 181 AD2d 866, 867 [1992]) and comparable hearing injuries (*see Preston v Young*, 239 AD2d 729, 731-733 [1997]) and, further, after taking into account plaintiff's life expectancy, we conclude that the award of $900,000 deviates materially from what would be reasonable compensation. We therefore reverse the order and judgment in appeal No. 2 and grant a new trial on damages for future pain and suffering only unless plaintiffs, within 20 days of service of a copy of the order of this Court with notice of

entry, stipulate to decrease the verdict to $350,000 for future pain and suffering, in which event the order and judgment is modified accordingly and as modified the order and judgment is affirmed. Present—Pigott, Jr., P.J., Pine, Scudder, Martoche and Lawton, JJ.