STEPHEN VETRONE et al., Respondents-Appellants, v HA DI CORP., Doing Business as EVA's GARDEN, et al., Respondents, and SCOTT A. GIOVANNI, Appellant-Respondent, et al., Defendant. [803 NYS2d 156]—

In an action to recover damages for personal injuries, etc., the defendant Scott A. Giovanni appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Dunne, J.), dated January 7, 2004, as denied those branches of his motion which were for summary judgment dismissing the second and seventh causes of action and all cross claims insofar as asserted against him, and the plaintiffs separately appeal, as limited by their brief, from so much of the same order as granted those branches of the separate motion of the defendants Ha Di Corp., doing business as Eva's Garden, and Steve Chang which were for summary judgment dismissing the second and seventh causes of action insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from by the defendant Scott A. Giovanni; and it is further,

Ordered that the order is reversed insofar as appealed from by the plaintiffs, those branches of the motion of the defendants Ha Di Corp., doing business as Eva's Garden, and Steve Chang which were for summary judgment dismissing the second and seventh causes of action insofar as asserted against them are denied, and those causes of action are reinstated against those defendants; and it is further,

Ordered that one bill of costs is awarded to the plaintiffs payable by the defendants Scott A. Giovanni, Ha Di Corp., doing business as Eva's Garden, and the defendant Steve Chang appearing separately and filing separate briefs.

Eva's Garden is a Chinese restaurant in Glen Cove owned by defendants Ha Di Corp., doing business as Eva's Garden (hereinafter the Ha Di Corp.), and Steve Chang. In December 2000 Chang entered into an agreement with the defendant Scott A. Giovanni, who was then 19 years old, and two of Giovanni's friends, to organize and promote a New Year's Eve party at the restaurant. Giovanni and his friends prepared promotional materials and sold a number of advance tickets for the event, and were to receive $20 for each $65 advance ticket sold. At their depositions, Giovanni testified that he was told that the restaurant could accommodate 300 to 400 persons, but Chang testified that he told Giovanni that the maximum capacity was only 150. Although Giovanni could not recall the precise number of advance tickets sold, he testified without contradiction that he and his friends received from Chang between $3,900 and $4,200 for advance ticket sales, an amount corresponding to profit on the sale of between 196 and 210 prepaid tickets. Giovanni told Chang that there would be a large number of guests, and both agreed that it would be necessary to hire security. As a result, the plaintiff Stephen Vetrone and another individual were hired to provide security for the event.

On the night of the party, notwithstanding the large number of prepaid tickets sold, the restaurant also admitted non-ticketholders at the door for $100 per person. At approximately 11:30 P.M., Chang was informed by his staff that there were 130 to 140 patrons in the restaurant, and he decided that the establishment was "overcrowded." He therefore directed Vetrone not to allow anyone else to enter. At that time, according to the defendant Michael B. Goltche, there were still approximately 50 to 100 people, including many prepaid ticket holders, standing outside, with approximately 30 to 40 of them waiting in line at the door. According to Vetrone, an unidentified associate of Giovanni yelled at the crowd from inside the restaurant, cursing and telling people that they should go home and that no one else would be admitted. The crowd grew agitated and, when Vetrone tried to close the front door, Goltche, who had purchased a prepaid ticket and had been standing in the doorway, refused to move out of the way and attempted to walk past him. Vetrone physically blocked his path and a scuffle ensued during which Vetrone allegedly sustained injuries after he was attacked by individuals in the crowd. The police intervened and closed the restaurant for "apparent overcrowding and underage drinking." It is undisputed that the individuals who attacked Vetrone never gained entry to the restaurant and were never served alcohol by restaurant staff.

Vetrone and his wife thereafter commenced this action against

various defendants, including Giovanni, Ha Di Corp., and Chang. Giovanni moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against him, and Chang and Ha Di Corp. separately moved for summary judgment dismissing the complaint insofar as asserted against them. The Supreme Court granted the motion of Chang and Ha Di Corp. in its entirety dismissing the complaint insofar as asserted against them. It also granted Giovanni's motion in part, sustaining the causes of action and cross claims against him alleging common-law negligence. Giovanni appeals, seeking the dismissal of the remaining causes of action and cross claims insofar as asserted against him, and the plaintiffs separately appeal seeking to reinstate the cause of action alleging common-law negligence and a derivative claim against Chang and Ha Di Corp.

"To establish a prima facie case of negligence, a plaintiff must establish the existence of a duty owed by a defendant to the plaintiff, a breach of that duty, and that such breach was a proximate cause of injury to the plaintiff" (*Alvino v Lin,* 300 AD2d 421 [2002]; *see Nappi v Incorporated Vil. of Lynbrook,* 19 AD3d 565 [2005]; *Schimmenti v Ply Gem Indus.,* 156 AD2d 658, 659 [1989]; *Prescott v Newsday, Inc.,* 150 AD2d 541, 542 [1989]). Giovanni argues in the first instance that he cannot be held liable in negligence because, not being the owner of the restaurant, he owed no duty of care to Vetrone, who was hired as a security guard. This contention is without merit.

A duty of care is said to exist where "the plaintiff's interests are entitled to legal protection against the defendant's conduct" (Prosser and Keeton, Torts § 53, at 357 [5th ed]; *see Pulka v Edelman,* 40 NY2d 781, 782 [1976]). The scope and extent of the duty is defined by the risk of harm reasonably to be perceived (*see Sanchez v State of New York,* 99 NY2d 247, 252 [2002]; *Basso v Miller,* 40 NY2d 233, 241 [1976]; *Palsgraf v Long Is. R.R. Co.,* 248 NY 339, 344 [1928]). Thus, where it is reasonably foreseeable that a defendant's failure to use ordinary care in his or her own conduct will create a risk of harm to a plaintiff with whom he or she has a cognizable legal relationship, the defendant has a duty to use such ordinary care to avoid the risk (*see Havas v Victory Paper Stock Co.,* 49 NY2d 381, 386 [1980]; *Palka v Servicemaster Mgt. Servs. Corp.,* 83 NY2d 579, 585 [1994]). Moreover, insofar as relevant here, the determination of the existence and scope of a duty may involve, not only considerations of the wrongfulness of a defendant's conduct, but also an examination of a plaintiff's own informed estimate of the possible risks, viewed in light of what people

may reasonably expect of one another (*see Darby v Compagnie Natl. Air France,* 96 NY2d 343, 347 [2001]; *Turcotte v Fell,* 68 NY2d 432, 437 [1986]).

There was evidence that Giovanni and his associates, acting as the event's organizers and promoters, knowingly sold tickets to a significantly greater number of people than the venue could accommodate, and were physically present at the premises helping to control the event when the incident occurred. Moreover, Chang and Ha Di Corp., the owners of the restaurant, knew of its 150-person capacity, yet not only permitted Giovanni and his associates to sell prepaid tickets to far more individuals than the restaurant could accommodate but also admitted non-ticketholders at the door.

Under the circumstances, we reject the contention that the organizer and promoter of a knowingly overbooked party who is present for the event owes no duty to those who attend (*see Burgundy Basin Inn v Watkins Glen Grand Prix Corp.,* 51 AD2d 140 [1976]; *see also* Restatement [Second] of Torts § 344). In addition, there can be no doubt that Chang and Ha Di Corp., as the restaurant owners, also owed a duty of care to individuals on the premises (*see Gerbino v Tinseltown USA,* 13 AD3d 1068, 1070-1071 [2004]). Nor is the duty of care to Vetrone negated by the fact that Vetrone was on site as a contractor rather than as a patron (*see Gerbino v Tinseltown USA, supra; Backiel v Citibank,* 299 AD2d 504 [2002]). Vetrone, who was present because he was hired as a security guard for the New Year's Eve party, reasonably had the right to expect that Giovanni, as the event's organizer and promoter, and Chang and Ha Di Corp., as the restaurant's owners, would not so overbook the event as to require him, acting virtually alone, to face a large crowd of angry ticketholders who paid to attend the party, but were unexpectedly and rudely denied entry and told to go home. Nor do we agree with Giovanni's alternate contention that, in effect, he owed no duty to Vetrone because, as a security guard, Vetrone necessarily assumed the risk that the event would be so overbooked as to put him in the position of having to face and turn away this large crowd seeking entry on the basis of prepaid tickets (*see Gerbino v Tinseltown USA, supra*). We conclude therefore that Giovanni, Chang, and Ha Di Corp. failed to demonstrate that they owed no duty to Vetrone.

Moreover, we disagree with the contention that it was unforeseeable, as a matter of law that, when, only a half hour before midnight, a large number of people were roughly and without explanation refused entry to a New Year's Eve party for which they had already paid, some in the group would become

unruly and even violent. The question, then, is whether Giovanni, Chang, and Ha Di Corp. are nonetheless relieved of all liability on the ground that, as a matter of law, the assault constituted a superseding cause of Vetrone's injuries. We conclude that they were not.

The acts of a third person may constitute a superseding cause, breaking the causal connection between a defendant's negligence and a plaintiff's injuries, where the acts are not a foreseeable consequence of the circumstances created by the defendant's negligence, or where they are independent of, or far removed from, the defendant's conduct, so that responsibility for the injuries may not reasonably be attributed to the defendant (*see Kush v City of Buffalo,* 59 NY2d 26, 33 [1983]; *Derdiarian v Felix Contr. Corp.,* 51 NY2d 308, 315 [1980]). The fact that the third person's acts may constitute criminal conduct does not necessarily make them a superseding cause as a matter of law (*see Nallan v Helmsley-Spear, Inc.,* 50 NY2d 507, 520-521 [1980]). To the contrary, intervening criminal acts may still give rise to liability under ordinary principles of negligence where there is a sufficient underlying legal relationship between the parties (*see Hamilton v Beretta U.S.A. Corp.,* 96 NY2d 222, 233 [2001]) and where the acts are "a 'reasonably foreseeable' consequence of circumstances created by the defendant" (*Bell v Board of Educ. of City of N.Y.,* 90 NY2d 944, 946 [1997], quoting *Kush v City of Buffalo, supra; see also Gerbino v Tinseltown USA, supra* [injury to theater security guard who was assaulted while trying to prevent a fight between two patrons was normal and foreseeable consequence of theater owner's negligence]; *Mancuso v State of New York,* 226 AD2d 320 [1996] [whether fight among spectators at a basketball game was foreseeable as to stadium owner presented issues of fact precluding summary judgment]; *Rotz v City of New York,* 143 AD2d 301, 306 [1988] [foreseeability of risk that crowd would become disorderly and begin a riot or stampede was question of fact for jury to decide]; *Watson v Adirondack Trailways,* 45 AD2d 504 [1974] [foreseeability of assault at bus terminal by passenger who had not been permitted to board bus presented genuine issue of fact for jury to determine]; *cf. Burgundy Basin Inn v Watkins Glen Grand Prix Corp., supra* at 144 [risk that property might be vandalized by crowd at outdoor concert was foreseeable]).

Under the circumstances of this case, we cannot conclude that, as a matter of law, the assault upon Vetrone as he tried to close the door of the restaurant on a crowd of people holding prepaid tickets was far removed from, or an unforeseeable consequence and independent of, the conduct of Giovanni, Chang,

and Ha Di Corp., in negligently overbooking the event and in then directing the unceremonious denial of admission to this large crowd of people who were there to attend a New Year's Eve party for which they had already paid.

There are triable issues of fact here that preclude summary judgment, including the number of prepaid ticketholders, the total number of attendees, the maximum capacity of the restaurant, whether Chang effectively communicated that capacity to the organizers of the party, whether and to what extent Giovanni and his friends were present and controlling the premises when the incident occurred, and whether sufficient security measures were taken by Chang and the party organizers in light of all the relevant circumstances. Accordingly, although the Supreme Court correctly sustained the principal and derivative causes of action against Giovanni for negligence, it erred in dismissing the complaint insofar as asserted against Chang and Ha Di Corp. Santucci, J.P., Krausman, Luciano and Fisher, JJ., concur.