■ Irwin Peters et al., Appellants, v Accurate Building Inspectors Division of Ubell Enterprises, Inc., Respondent. [815 NYS2d 484]—

In an action to recover damages for breach of contract and negligence, the plaintiffs appeal from an order of the Supreme Court, Kings County (Schneier, J.), dated December 21, 2004, which granted the defendant's motion pursuant to CPLR 3211 to dismiss the complaint.

Ordered that the order is affirmed, with costs.

It is well settled that a motion to dismiss a complaint for failure to state a cause of action pursuant to CPLR 3211 (a) (7) "must be denied if from the pleadings' four corners factual allegations are discerned which taken together manifest any cause of action cognizable at law" (*511 W. 232nd Owners Corp. v Jen-*

*nifer Realty Co.,* 98 NY2d 144, 152 [2002] [internal quotation marks omitted]; *see Guggenheimer v Ginzburg,* 43 NY2d 268, 275 [1977]). "[T]he court must accept as true the facts alleged in the pleading and submissions in opposition to the motion, and accord the plaintiff the benefit of every possible favorable inference" (*Kevin Spence & Sons v Boar's Head Provisions Co.,* 5 AD3d 352, 353 [2004]; *see 511 W. 232nd Owners Corp. v Jennifer Realty Co., supra* at 152). However, "this does not apply to legal conclusions or factual claims which were either inherently incredible or flatly contradicted by documentary evidence" (*Greene v Doral Conference Ctr. Assoc.,* 18 AD3d 429, 430 [2005]; *see West Branch Conservation Assn. v County of Rockland,* 227 AD2d 547 [1996]).

Here, the Supreme Court properly granted the defendant's motion pursuant to CPLR 3211 to dismiss the complaint. The plaintiffs failed to set forth the contract provisions they allege the defendant breached, a necessary element for a breach of contract claim (*see Maldonado v Olympia Mech. Piping & Heating Corp.,* 8 AD3d 348, 350 [2004]; *Atkinson v Mobil Oil Corp.,* 205 AD2d 719, 720 [1994]). Similarly, they failed to sufficiently allege the breach of a duty, and damages arising therefrom, necessary elements to sustain a claim for negligence (*see Friedman v Anderson,* 23 AD3d 163 [2005]; *Prescott v Newsday, Inc.,* 150 AD2d 541, 542 [1989]). Schmidt, J.P., Krausman, Spolzino and Fisher, JJ., concur.