■ Eileen J. Fowler, Appellant, v Yonkers Gospel Mission, Doing Business as Yonkers Gospel Mission & Home, Respondent, et al., defendant. [889 NYS2d 603]—

In an action, inter alia, to recover damages for negligence and wrongful death, the plaintiff appeals (1), as limited by her brief, from so much of an order of the Supreme Court, Westchester County (Bellantoni, J.), entered March 21, 2008, as denied that

branch of her motion which was for leave to renew her application for an adjournment to conduct an additional deposition and as, upon reargument, adhered to its original determination dated December 19, 2007, denying that application, (2) from an order of the same court (Nicolai, J.), entered November 21, 2008, which granted the motion of the defendant Yonkers Gospel Mission, doing business as Yonkers Gospel Mission & Home, for summary judgment dismissing the complaint insofar as asserted against it, and (3) a judgment of the same court (Nicolai, J.), entered December 18, 2008, which, upon the order entered November 21, 2008, is in favor of the defendant Yonkers Gospel Mission, doing business as Yonkers Gospel Mission & Home, and against her dismissing the complaint insofar as asserted against that defendant.

Ordered that the appeals from the orders entered March 21, 2008, and November 21, 2008, are dismissed; and it is further,

Ordered that the judgment is modified, on the law, by deleting the provision thereof which is in favor of the defendant Yonkers Gospel Mission, doing business as Yonkers Gospel Mission & Home, and against the plaintiff dismissing the third cause of action alleging negligence insofar as asserted against that defendant; as so modified, the judgment is affirmed, without costs or disbursements, that branch of the motion of the Yonkers Gospel Mission, doing business as Yonkers Gospel Mission & Home, which was for summary judgment dismissing the third cause of action alleging negligence insofar as asserted against it is denied, and the order entered November 21, 2008 is modified accordingly.

The appeals from the orders entered March 21, 2008, and November 21, 2008, must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeals from the orders are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]; *Singh v Carrington*, 18 AD3d 855 [2005]).

The Supreme Court erred in awarding summary judgment to the defendant Yonkers Gospel Mission, doing business as Yonkers General Gospel Mission & Home (hereinafter the Mission), on the cause of action alleging negligence. An issue of fact exists as to whether the Mission was negligent in failing to find the knife kept in a dorm room by the defendant Neilasan Chung, and in failing to either confiscate it or evict Chung from the Mission. Chung subsequently used that knife to fatally stab the plaintiff's decedent. The criminal intervention of third parties

may be a reasonably foreseeable consequence of circumstances created by a defendant. Where the intervening, intentional act of a third party is itself the foreseeable harm that shapes the duty imposed, a defendant who fails to guard against such conduct will not be relieved of liability when that act occurs (*see Bell v Board of Educ. of City of N.Y.*, 90 NY2d 944, 946 [1997]; *Kush v City of Buffalo*, 59 NY2d 26, 33 [1983]; *Vetrone v Ha Di Corp.*, 22 AD3d 835, 839 [2005]).

The Mission's position is unlike that of a typical landlord, as the Mission exercises control over the resident's daily lives (e.g., by enforcing curfew, requiring mandatory attendance at religious activities, conducting regular inspections, setting restrictions on personal property, scheduling meal times). Thus, this is not a case where the Mission had no ability or authority to control Chung's actions (*cf. Adelstein v Waterview Towers*, 250 AD2d 790 [1998]). Since there are triable issues of fact, the court should have denied the Mission's motion for summary judgment dismissing the third cause of action alleging negligence.

The court correctly awarded summary judgment to the Mission on the remaining causes of action.

Finally, the plaintiff failed to show that an additional deposition of a Mission employee was necessary (*cf. Williams v City of New York*, 40 AD3d 847, 849-850 [2007]; *Rosenblatt v Windsor Park Nursing Home, Inc.*, 28 AD3d 736 [2006]). Therefore, the court did not err in denying that branch of the plaintiff's motion which was for leave to renew her application for an adjournment to conduct an additional deposition, or in adhering to its original determination upon reargument. Skelos, J.P., Santucci, Belen and Hall, JJ., concur.