Rojas v New York City Tr. Auth. (2019 NY Slip Op 07430)





Rojas v New York City Tr. Auth.


2019 NY Slip Op 07430


Decided on October 16, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 16, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOHN M. LEVENTHAL
JOSEPH J. MALTESE
LINDA CHRISTOPHER, JJ.


2016-04214
 (Index No. 6733/12)

[*1]Alfonso Rojas, respondent, 
v
New York City Transit Authority, et al., appellants.


Lawrence Heisler, Brooklyn, NY (Anna J. Ervolina of counsel), for appellants.
Shaevitz, Shaevitz & Kotzamanis, Jamaica, NY (Dimitri Kotzamanis of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal from a judgment of the Supreme Court, Queens County (Robert L. Nahman, J.), entered March 1, 2016. The judgment, upon a jury verdict on the issue of damages awarding the plaintiff the principal sums of $800,000 for past pain and suffering and $1,000,000 for future pain and suffering over a 15-year period, upon a stipulation that the amount of medical expenses recoverable by the plaintiff totaled $48,607.46, and upon submissions on the present value of the verdict for future pain and suffering, is in favor of the plaintiff and against the defendants in the total sum of $1,967,633.08, including interest in the sum of $64,249.90.
ORDERED that the judgment is modified, on the law, by deleting the provision thereof awarding interest in the sum of $64,249.90; as so modified, the judgment is affirmed, with costs to the plaintiff, and the matter is remitted to the Supreme Court, Queens County, for recalculation of the award of interest at the rate of three percent per annum from the date of the verdict and for the entry of an appropriate amended judgment thereafter.
The plaintiff was injured while driving in Queens when he was struck by a piece of metal that fell from elevated subway tracks over the roadway and through the windshield of his vehicle. The plaintiff commenced this personal injury action against the defendants. The defendants conceded that they were liable for the plaintiff's injuries. After a trial on the issue of damages, the jury returned a verdict in favor of the plaintiff and against the defendants in the principal sums of $800,000 for past pain and suffering and $1,000,000 for future pain and suffering over a 15-year period. The defendants appeal from a judgment in favor of the plaintiff and against them in the total sum of $1,967,633.08, including interest in the sum of $64,249.90.
"Since [t]rial courts are accorded wide discretion in making evidentiary rulings, . . . absent an abuse of discretion, those rulings should not be disturbed on appeal" (Mazella v Beals, 27 NY3d 694, 709 [internal quotation marks omitted]; see People v Carroll, 95 NY2d 375, 385). "To be admissible, evidence must be relevant and its probative value outweigh the risk of any undue prejudice" (Mazella v Beals, 27 NY3d at 709; see People v Morris, 21 NY3d 588, 595). Here, there is no merit to the defendants' contention that the piece of metal that struck the plaintiff should have been precluded because it lacked probative value and served only to arouse the jurors' emotions. [*2]The piece of metal was relevant as it was the mechanism of the injury. Moreover, it was not unduly prejudicial since there was already testimony and other evidence which established that the plaintiff's injury was caused by a falling piece of metal. Accordingly, the Supreme Court providently exercised its discretion in admitting the piece of metal into evidence (see Mazella v Beals, 27 NY3d at 709; see also Mane v Brusco, 280 AD2d 436, 437).
"The amount of damages to be awarded to a plaintiff for personal injuries is a question for the jury, and its determination will not be disturbed unless the award deviates materially from what would be reasonable compensation" (Graves v New York City Tr. Auth., 81 AD3d 589; see CPLR 5501[c]; Garcia v CPS 1 Realty, LP, 164 AD3d 656, 658). " The reasonableness of compensation must be measured against [the] relevant precedent of comparable cases'" (Garcia v CPS 1 Realty, LP, 164 AD3d at 658, quoting Kayes v Liberati, 104 AD3d 739, 741 [internal quotation marks omitted]). Here, the evidence at trial established, inter alia, that as a result of the accident on September 27, 2011, the plaintiff suffered a "complex laceration of the right forearm with a soft tissue deficit that had required stage closure with a skin graft harvested from the right thigh," which resulted in significant and permanent scarring to his right forearm and thigh, ongoing and permanent weakness in his dominant right hand, less than full mobility in his dominant right wrist, and deficits related to the graft's adherence to muscle and lack of sebaceous and sweat glands. Moreover, the evidence established that the plaintiff experienced excruciating pain, underwent two surgeries, and was hospitalized from September 27, 2011, until October 11, 2011. Upon discharge from the hospital, the plaintiff needed temporary assistance with daily activities. He engaged in physical therapy two to three times a week for approximately two months. He returned to work as an auto mechanic approximately two months after the accident, but still needed assistance lifting heavy objects and had trouble working with his fingers and his hand in tight spots. When the plaintiff testified at the trial in January 2016, he still had pain in his right arm, had weakness in his right hand and wrist, had difficulty cooking and doing housework, and wore long sleeve shirts because he was ashamed of the scar on his arm. Under the circumstances, the damages awards for past and future pain and suffering did not deviate materially from what would be reasonable compensation (see CPLR 5501[c]; Cano v Mid-Valley Oil Co., Inc., 151 AD3d 685, 691; Cardoza v City of New York, 139 AD3d 151, 168-169; Diouf v New York City Tr. Auth., 77 AD3d 600, 600; Keefe v E & D Specialty Stands, Inc., 272 AD2d 949, 949; Ubiles v Rosenzweig Lbr. Corp., 225 AD2d 468, 468).
However, the judgment incorrectly applied an interest rate in excess of the maximum legal rate of three percent per annum to the plaintiff's award against the defendants (see Public Authorities Law § 1212[6]; Klos v New York City Tr. Auth., 240 AD2d 635, 638). We therefore remit the matter to the Supreme Court, Queens County, for recalculation of interest at the rate of three percent per annum from the date of the verdict, and for the entry of an appropriate amended judgment thereafter.
The defendants' contention that Supreme Court failed to structure the judgment pursuant to CPLR 5041(e) is without merit.
DILLON, J.P., LEVENTHAL, MALTESE and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court