P.M. v Helio Health, Inc. (2025 NY Slip Op 04367)

P.M. v Helio Health, Inc.

2025 NY Slip Op 04367

Decided on July 25, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 25, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., BANNISTER, OGDEN, GREENWOOD, AND KEANE, JJ.

510 CA 24-00011

[*1]P.M., PLAINTIFF-APPELLANT,
v
HELIO HEALTH, INC., DEFENDANT-RESPONDENT, AND LAMAR K. FITCH, DEFENDANT. 

HERMAN LAW FIRM, P.A., NEW YORK CITY (STUART MERMELSTEIN OF COUNSEL), FOR PLAINTIFF-APPELLANT. 
GOLDBERG SEGALLA LLP, BUFFALO (JAMES M. SPECYAL OF COUNSEL), FOR DEFENDANT-RESPONDENT. 

 Appeal from an order of the Supreme Court, Onondaga County (Robert E. Antonacci, II, J.), entered October 2, 2023. The order granted the motion of defendant Helio Health, Inc. for summary judgment dismissing plaintiff's complaint against it. 
It is hereby ORDERED that the order so appealed from is reversed on the law without costs, the motion is denied, and the complaint is reinstated against defendant Helio Health, Inc.
Memorandum: Plaintiff commenced this action seeking damages for injuries sustained as the result of an incident that occurred at an apartment building owned by Helio Health, Inc. (defendant), during which three individuals engaged in nonconsensual sexual activities with her after providing her with drugs. At the time of the incident, two of those individuals resided in the apartment building and were current participants in defendant's supportive living program for individuals with substance use disorders. The third individual had been recently discharged from defendant's program. Defendant moved for summary judgment dismissing the complaint against it, and Supreme Court granted the motion. Plaintiff appeals, and we reverse.
It is well settled that " 'landowners owe people on their property a duty of reasonable care under the circumstances to maintain their property in a safe condition' " (Maheshwari v City of New York, 2 NY3d 288, 294 [2004], quoting Tagle v Jakob, 97 NY2d 165, 168 [2001]). As a corollary of that duty, landowners have the "duty to protect tenants, patrons or invitees from foreseeable harm caused by the criminal conduct of others while they are on the premises" (Hamilton v Beretta U.S.A. Corp., 96 NY2d 222, 233 [2001]). Although landowners are "not the insurers of a visitor's safety" and are not required to protect visitors from unforeseeable injuries (Maheshwari, 2 NY3d at 294), they do "have a duty to control the conduct of third persons on their premises when they have the opportunity to control such persons and are reasonably aware of the need for such control" (D'Amico v Christie, 71 NY2d 76, 85 [1987]; see Lasek v Miller, 306 AD2d 835, 835 [4th Dept 2003]).
Initially, we agree with plaintiff that residents of the supportive living program were not tenants over whom defendant had no control (see Fowler v Yonkers Gospel Mission, 67 AD3d 635, 637 [2d Dept 2009]; see also Brown v University of Rochester, 216 AD3d 1328, 1332 [3d Dept 2023]). We conclude that defendant had a legal duty to take appropriate action to protect against foreseeable harm, including a third party's foreseeable criminal conduct (see Brown, 216 AD3d at 1331-1332) and, here, defendant's own submissions raise issues of fact regarding the foreseeability of the incident that occurred (see Wayburn v Madison Land Ltd. Partnership, 282 AD2d 301, 304 [1st Dept 2001]). It is for a jury to decide whether the incident was foreseeable and, if so, whether defendant failed to take reasonable actions to prevent the foreseeable harm (see Fowler, 67 AD3d at 636-637; Jenkins v Ehmer, 272 AD2d 976, 977 [4th Dept 2000]; see also Jane Doe v Turnmill LLC, 193 AD3d 618, 618-619 [1st Dept 2021]).
All concur except Whalen, P.J., and Greenwood, J., who dissent and vote to affirm in the following memorandum: We respectfully dissent and would affirm the order granting the motion of Helio Health, Inc. (defendant) for summary judgment dismissing the complaint against it. Defendant owns apartment buildings, including the building where the incident here occurred, that give adults supportive living services to help them recover from substance abuse and addiction. Late one weekend evening, plaintiff, then a minor, and two of her friends went to the apartment of one of the residents to buy and consume drugs. While there, plaintiff was sexually assaulted by two residents and one former resident of the building. Plaintiff commenced this action against defendant, among others, alleging that defendant owed a duty to supervise the acts and conduct of the residents of its buildings to prevent foreseeable harm to others, including plaintiff while she was on the premises, and to implement policies and procedures to prevent foreseeable harms, including child sexual abuse.
"Although landowners . . . have a common-law duty to minimize foreseeable dangers on their property, including the criminal acts of third parties, they are not insurers of a visitor's safety" (Maheshwari v City of New York, 2 NY3d 288, 294 [2004]; see Nallan v Helmsley-Spear, Inc., 50 NY2d 507, 519 [1980]). Landowners "have a duty to control the conduct of third persons on their premises when they have the opportunity to control such persons and are reasonably aware of the need for such control" (D'Amico v Christie, 71 NY2d 76, 85 [1987]; see Pink v Rome Youth Hockey Assn., Inc., 28 NY3d 994, 997-998 [2016]). Landowners are not held to a duty to take protective measures "unless it is shown that [they] either know[ ] or [have] reason to know from past experience that there is a likelihood of conduct on the part of third persons . . . which is likely to endanger the safety of the visitor" (Nallan, 50 NY2d at 519 [internal quotation marks omitted]; see Pink, 28 NY3d at 998). "Although the precise manner in which the harm occurred need not be foreseeable, liability does not attach unless the harm is within the class of reasonably foreseeable hazards that the duty exists to prevent" (Sanchez v State of New York, 99 NY2d 247, 252 [2002]).
In our view, defendant established as a matter of law, and plaintiff failed to raise an issue of fact, that the sexual assault on plaintiff by the residents and former resident of the building was not reasonably foreseeable (see Lazarus v Wildlife Preserves, Inc., 229 AD3d 454, 456 [2d Dept 2024]; Goris v New York City Hous. Auth., 227 AD3d 498, 498 [1st Dept 2024]; Virella v 245 N. St. Hous. Dev. Fund Corp., 188 AD3d 1618, 1620 [4th Dept 2020]; see generally Sanchez, 99 NY2d at 254), and we would therefore affirm the order. There is no evidence that the two residents and former resident had a history of assault or sexual misconduct, and there is no evidence that similar prior crimes had occurred at the buildings (cf. Brown v University of Rochester, 216 AD3d 1328, 1332 [3d Dept 2023]).
Entered: July 25, 2025
Ann Dillon Flynn
Clerk of the Court