■ In the Matter of the Claim of DONNA L. BAKER, Respondent, v HUDSON VALLEY NURSING HOME et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [649 NYS2d 105] —Spain, J. Appeal from an amended decision of the Workers' Compensation Board, filed September 25, 1995, which ruled that claimant sustained an accidental injury arising out of and in the course of her employment and awarded workers' compensation benefits.

Claimant worked as a nurse's aide at a nursing home. While taking an authorized break at work, she was assaulted by another employee and sustained injury. She applied for workers' compensation benefits. After a hearing, a Workers' Compensation Law Judge (hereinafter WCLJ) found that claimant sustained an accident arising out of and in the course of employment and awarded her workers' compensation benefits. The WCLJ's decision was subsequently affirmed by the Workers' Compensation Board. Claimant's employer and its insurance carrier (hereinafter collectively referred to as the employer) appeal the Board's decision.

The employer argues that the Board's decision is not supported by substantial evidence because the motivation for the assault upon claimant was personal in nature. The facts are not in dispute as to the circumstances surrounding the assault. Claimant was taking a coffee break with a fellow employee, Peggy Nash. Another employee, Debbie Rhodes, approached them and accused claimant of spreading gossip about another employee, Laura Potter, and her boyfriend. When claimant denied these allegations, Rhodes called her a "slut" and told her she had rotten teeth. Rhodes then grabbed claimant by the neck and pushed her down on a bench.

In determining whether the victim of an assault is entitled to workers' compensation benefits, the test is whether the assault originated in work-related differences or from pure personal animosity between the combatants (see, Matter of Privatera v Yellow Cab Co., 158 AD2d 835; Matter of Arrington v Schneider, 75 AD2d 963). This is a question of fact for the Board to resolve (see, Matter of Privatera v Yellow Cab Co., supra, at 836). However, "[a]n award of compensation may be sustained even though the result of an assault * * * so long as there is any nexus, however slender, between the motivation for the assault and the employment" (Matter of Seymour v Rivera Appliances Corp., 28 NY2d 406, 409; Matter of Privatera v Yellow Cab Co., supra, at 836).

In the case at hand, the assault occurred during working hours on the employer's premises and involved comments claimant had allegedly made about another employee. Claimant did not have any association with Rhodes, the assailant, or Potter, the subject of the alleged comments, outside her employment at the nursing home. In view of this, a sufficient nexus exists between the motivation for the assault and claimant's employment to support the Board's award of workers' compensation benefits. Consequently, we find that Board's decision is supported by substantial evidence and must be affirmed.

Mercure, J. P., Yesawich Jr., Peters and Carpinello, JJ., concur. Ordered that the amended decision is affirmed, without costs.