In the Matter of the Claim of CAROL McMILLAN, Respondent, v KATHLEEN DODSWORTH et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [679 NYS2d 722] —Appeal from a decision of the Workers' Compensation Board, filed October 2, 1997, which ruled that claimant sustained a compensable injury and awarded workers' compensation benefits.

Claimant, a podiatrist's assistant, was on a break in the lunch room at her place of employment when her sister entered the room and repeatedly struck her with a hammer. The employer was aware that several weeks prior to the attack the sister, who had been under psychiatric care, visited claimant at the office and initiated a nonviolent argument with her. Although the employer had recently installed locks on the office doors in response to claimant's security concerns while she was working alone, the doors were unlocked at the time of the incident and the sister was able to gain access to the lunch room. Finding that claimant's work area gave rise to a risk which the employer had taken steps to minimize, the Workers' Compensation Board ruled that claimant's injury arose out of and in the course of her employment and awarded benefits.

We reverse. The undisputed evidence establishes that the assault stemmed from purely personal differences between claimant and her sister and was unrelated to claimant's work or the performance of her job duties (*see, Matter of Robinson v Village of Catskill Police Dept.*, 209 AD2d 748, *lv denied* 85 NY2d 810; *Matter of Closson v Dutchess County Sheriff's Dept.*, 179 AD2d 861). Accordingly, for that reason and as there is insufficient proof that the podiatrist's office constituted a dangerous work environment inasmuch as there were no previous violent incidents, we are constrained to find that the Board's decision is not supported by substantial evidence and must be reversed (*see, Matter of Russo v HRT, Inc.*, 246 AD2d 933; *Matter of Mintkis v Metropolitan Opera Assn.*, 153 AD2d 133, 137, *appeal dismissed* 75 NY2d 1005).

Cardona, P. J., White, Peters, Carpinello and Graffeo, JJ., concur. Ordered that the decision is reversed, without costs, and claim dismissed.