■ In the Matter of the Claim of AINSLEY BLAIR, Claimant, v PERCIVAL BAILEY, Doing Business as NEW LAUNDROMAT, Appellant. UNINSURED EMPLOYERS' FUND, Respondent; WORKERS' COMPENSATION BOARD, Respondent. [719 NYS2d 757] —Mugglin, J. Appeal from a decision of the Workers' Compensation Board, filed March 6, 2000, which ruled that claimant sustained an accidental injury arising out of and in the course of his employment.

As claimant sat in the office area of the New Laundromat, owned by Percival Bailey, he was shot by Bailey's son, rendering him paralyzed from the chest down. Following the conclusion of the initial fact-finding hearing and despite finding that claimant failed to substantiate his claim that an employer-employee relationship existed, the Workers' Compensation Law Judge (hereinafter WCLJ) restored the matter to the calendar for further evidence. The employer's appeal of the decision so restoring the matter was dismissed by the Workers' Compensation Board as premature. At a subsequent hearing, additional witnesses were presented by claimant in an effort to establish an employer-employee relationship. Despite this further evidence, however, the claim for benefits was denied because the injury resulted from an assault occurring during a personal argument. As a result of an appeal by both sides, the Board, based on a review of the entire record, determined that no employer-employee relationship existed and, therefore, claimant did not sustain an accident arising out of and in the course of employment. On appeal to the full Board, claimant was awarded benefits following findings of an employer-employee relationship and that the injury arose out of and in the course of his employment. Bailey appeals this determination and the decision of the WCLJ to restore the matter to the calendar for additional evidence.

We affirm. Initially, we note that a case may be restored to the calendar when a party in interest applies for a rehearing or reopening of a case under certain enumerated situations (see, 12 NYCRR 300.14). We find no provision which authorizes the WCLJ to sua sponte restore a case to the calendar for additional testimony as occurred here. Nevertheless, since the ultimate determination made on full Board review considered only that evidence given at the initial hearing, without consideration of any additional evidence given following the restoration of the case, we find no error.

It is well settled that the existence of an employer-employee relationship is a factual determination to be resolved by the Board and must be upheld if supported by substantial evidence

(*see, Matter of Semus v University of Rochester*, 272 AD2d 836, 837; *Matter of Hall v Digiacomo*, 233 AD2d 643, 644, *lv dismissed* 89 NY2d 1029), even if the record contains evidence which would support a contrary conclusion (*see, Matter of Kobre v Camp Mogen Avraham*, 255 AD2d 636). Here, claimant testified that he worked two days per week at the laundromat, received a cash payment of $100 per week and had been so employed for a period of approximately six months. His major responsibilities included changing money for customers, cleaning the machines and mopping the floors. Although Bailey denied having employed claimant in any capacity, he did acknowledge that on various occasions he left claimant at the laundromat in order to assist customers. Of considerable import is claimant's testimony that he possessed a key to the office area where Bailey kept the money necessary to make change for customers. Bailey acknowledged that claimant had been given a key but stated that this occurred only on the day when claimant was shot.

When presented with conflicting testimony, it is the function of the Board to determine which is credible (*see, id.*, at 637). The Board, in reaching its determination that an employer-employee relationship existed, credited the testimony of claimant and we find no reason to disturb that decision. Notably, claimant, a Jamaican, had been in the United States for a period of less than two years, was largely unfamiliar with the English language and susceptible to confusion. This accounts for variances in some of his answers, but the essentials of his testimony establishing an employer-employee relationship were largely unassailed.

In addition, we find no reason to disturb the Board's finding that claimant's injury arose out of and in the course of employment. "In determining whether the victim of an assault is entitled to workers' compensation benefits, the test is whether the assault originated in work-related differences or from pure personal animosity between the combatants [citations omitted]" (*Matter of Baker v Hudson Val. Nursing Home*, 233 AD2d 608, *lv denied* 89 NY2d 813; *see, Matter of Russo v HRT, Inc.*, 246 AD2d 933, *lv denied* 91 NY2d 815). Clearly, this is a question of fact and the Board's determination with respect thereto must be sustained so long as there exists any credible nexus between the motivation for the assault and the employment (*see, Matter of Rosen v First Manhattan Bank*, 202 AD2d 864, 865, *affd* 84 NY2d 856). Here, there is no evidence to support the conclusion that the assault arose from a personal dispute between claimant and Bailey's son or, for that matter, that

they had even met prior to the date in question. Instead, the circumstances under which claimant was assaulted and the location of the assault establish that claimant was engaged in his job-related duties when injured and the evidence provides the necessary nexus supporting the Board's conclusion that claimant's injury arose out of and in the course of his employment.

Mercure, J. P., Peters, Carpinello and Rose, JJ., concur. Ordered that the decision is affirmed, without costs.