■ In the Matter of the Claim of ELVIA COLAS, on Behalf of ALISHA BERMUDEZ, et al., Infants, Appellant, v DUNRITE WATERMAIN et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [744 NYS2d 229] —Crew III, J. Appeals (1) from a decision of the Workers' Compensation Board, filed October 11, 2000, which ruled that the death of claimant's decedent did not arise out of her employment and denied the claim for workers' compensation death benefits, and (2) from a decision of said Board, filed September 12, 2001, which denied claimant's request for reconsideration or full Board review.

---

Prior to her death, decedent was employed as a secretary/ bookkeeper for the employer and had been romantically involved with a coworker, Robert Giles. On July 6, 1998, Giles, who was not scheduled to work that day, appeared at the employer's workplace and spoke briefly with decedent before holding her hostage and, ultimately, killing her. Giles thereafter shot and killed himself. Claimant, decedent's mother, subsequently filed an amended claim for workers' compensation death benefits on behalf of decedent's three minor children. Following a hearing, a Workers' Compensation Law Judge denied claimant's application, finding that decedent's death did not arise out of her employment. The Workers' Compensation Board affirmed that decision and thereafter denied claimant's application for full Board review or reconsideration. These appeals ensued.

As a starting point, we note that claimant has not briefed the denial of her application for full Board review or reconsideration, and we therefore deem such appeal to be abandoned (*see, Flower v Noonan*, 271 AD2d 825, 825 n). Turning to the denial of claimant's application for death benefits, both Workers' Compensation Law § 21 (1) and the case law make clear that unwitnessed deaths that occur in the course of the decedent's employment are presumed to arise out of such employment (*see, Matter of Onody v County of Oswego D.P.W.*, 223 AD2d 813). In order to rebut this presumption, the employer "must present substantial evidence to the contrary which, as a matter of law, precludes the Board from crediting any explanation for the death except that offered by the employer" (*Matter of Williams v Metropolitan Distrib.*, 213 AD2d 852, 853). Stated another way, the employer must demonstrate that the underlying attack was motivated by personal animosity between the decedent and his or her assailant (*see, Matter of Rosen v First Manhattan Bank*, 84 NY2d 856, 857).

The record reflects that decedent and Giles had been romantically involved prior to their deaths and, indeed, had lived together for almost a year. A month or so before the July 1998 incident, decedent asked Giles to move out and the two apparently parted company. According to claimant, Giles threatened decedent repeatedly, and both claimant and one of decedent's coworkers testified that decedent was afraid of Giles.* Additionally, a New York City police detective testified regarding a domestic incident report filed by decedent approximately one month before her death. Finally, as noted

---

* Inasmuch as decedent's out-of-court statements regarding her fear of Giles were made prior to the attack and did not relate to the attack itself,

previously, Giles was not scheduled to work on the day of his fatal encounter with decedent. Such proof, in our view, is more than sufficient to rebut the presumption afforded by Workers' Compensation Law § 21 (1) and to establish that decedent's death resulted from the ongoing personal animosity between her and Giles. Accordingly, the Board's decision denying claimant's application for death benefits is affirmed.

Mercure, J.P., Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the decisions are affirmed, without costs.

the corroboration requirement set forth in Workers' Compensation Law § 118 is inapplicable.