■ In the Matter of the Claim of JAMES TURNER, Appellant, v F.J.C. SECURITIES SERVICES et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [760 NYS2d 602] —Mercure, J.P. Appeal from a decision of the Workers' Compensation Board, filed October 24, 2000, which ruled that claimant did not sustain a causally related disability and denied his claim for workers' compensation benefits.

In January 1997, claimant was employed as an airport security officer. Claimant was putting on his uniform in the employee locker room prior to the start of his shift when he was accosted by a coworker who stated that he had heard that claimant wanted to harm him. The coworker was accompanied by his cousin who threatened to shoot claimant and then shoved him against the edge of a locker, injuring claimant's back. Claimant fled from the two men, cutting his right middle finger on a locker door. The coworker accosted claimant again as he was leaving the building and shoved claimant into a door. Claimant testified that the incident thereafter required him to obtain treatment for depression. The Workers' Compensation Board denied claimant's application for workers' compensation benefits on the ground that the assault causing his injuries did not arise out of and in the course of his employment.

An injury from an assault that arises in the course of a claimant's employment is presumed to have arisen out of said employment (*see* Workers' Compensation Law § 21 [1]). This presumption, however, may be rebutted by the presentation of substantial evidence that the assault grew out of "purely personal animosity" between the parties (*Matter of Rosen v First Manhattan Bank,* 84 NY2d 856, 857 [1994]). In the

instant matter, substantial evidence supports the Board's finding that the assault arose out of purely personal differences between claimant and his coworker and that there was no nexus between claimant's employment and the assault (*see Matter of Colas [Bermudez] v Watermain,* 295 AD2d 775, 776-777 [2002]; *Matter of McMillan v Dodsworth,* 254 AD2d 619, 620 [1998]). Various factors in the record support this conclusion, i.e., the assault took place before claimant began his job-related duties, it was perpetrated in part by an individual who was not claimant's coworker, and claimant gave no employment-related explanation for the attack. Such proof is sufficient to rebut the presumption articulated in Workers' Compensation Law § 21 (1) and to establish that the assault on claimant resulted exclusively from personal animosity (*see Matter of Robinson v Village of Catskill Police Dept.,* 209 AD2d 748 [1994], *lv denied* 85 NY2d 810 [1995]). The Board's decision denying claimant's application for benefits is, accordingly, affirmed.

Peters, Carpinello, Mugglin and Lahtinen, JJ., concur. Ordered that the decision is affirmed, without costs.