■ In the Matter of the Claim of CAROL PEREZ, Appellant, v VICTORY MOTOR INN et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [767 NYS2d 673]—

Spain, J. Appeal from a decision of the Workers' Compensation Board, filed October 18, 2002, which ruled that claimant did not sustain an accidental injury arising out of and in the course of her employment, and denied her claim for workers' compensation benefits.

On October 14, 1996, claimant was involved in a physical altercation with a coworker while working as a housekeeper at a hotel. Due to injuries sustained to her back and neck, she filed a claim for workers' compensation benefits, which was controverted by the employer. Following a hearing, a Workers' Compensation Law Judge found that claimant sustained a work-related injury and awarded her benefits. The Workers' Compensation Board reversed this decision, concluding that the assault was unrelated to claimant's employment and, therefore, her injury did not arise out of or in the course of her employment. Claimant now appeals.

Initially, we note that " '[i]n determining whether the victim of an assault is entitled to workers' compensation benefits, the test is whether the assault originated in work-related differences or from pure personal animosity between the combatants' " (*Matter of Blair v Bailey*, 279 AD2d 941, 942 [2001], *lv dismissed* 96 NY2d 824 [2001], quoting *Matter of Baker v Hudson Val. Nursing Home*, 233 AD2d 608, 608 [1996], *lv denied* 89 NY2d 813 [1997]; *see Matter of Russo v HRT Inc. of Orange*

*County*, 246 AD2d 933, 933 [1998], *lv denied* 91 NY2d 815 [1998]). This is a question of fact to be decided by the Board (*see Matter of Bell v Utica Corp.*, 306 AD2d 604, 606 [2003]; *Matter of Russo v HRT Inc. of Orange County, supra* at 933). While an award is appropriate if " 'there is any nexus, however slender, between the motivation for the assault and the employment' " (*Matter of Baker v Hudson Val. Nursing Home, supra* at 608, quoting *Matter of Seymour v Rivera Appliances Corp.*, 28 NY2d 406, 409 [1971]), the Board is justified in denying an award in the absence of such a nexus (*see e.g. Matter of Turner v F.J.C. Sec. Servs.*, 306 AD2d 649 [2003]; *Matter of McMillan v Dodsworth*, 254 AD2d 619 [1998]).

In the instant case, substantial evidence supports the Board's finding that the assault on claimant arose from personal hostilities unrelated to her employment. Claimant testified that she had known the coworker who assaulted her for five or six years and that they had been friends. Claimant indicated that, upon arriving at work on the date in question, she had a brief conversation with her boss during which she referred to the coworker as his girlfriend, an assumption she made based upon observations and contact outside of work. Approximately 10 minutes following that exchange, the coworker approached claimant and assaulted her. Inasmuch as the record supports the Board's conclusion that the assault was solely motivated by a falling out among friends and unconnected with claimant's employment, we decline to disturb its decision (*compare Matter of Baker v Hudson Val. Nursing Home, supra*).

Cardona, P.J., Mercure, Peters and Carpinello, JJ., concur. Ordered that the decision is affirmed, without costs.