■ Renee Lee et al., Respondents, v Chelsea Piers et al., Appellants, et al., Defendant. [782 NYS2d 712]—

Order, Supreme Court, Bronx County (Dianne T. Renwick, J.), entered on or about September 8, 2003, which denied the motions by the Chelsea Piers defendants and their subtenants, the restaurant defendants, for summary judgment dismissing the common-law negligence claims against them, unanimously affirmed, without costs.

The record contains evidence sufficient to raise triable factual issues as to whether defendants knew or should have known of a likelihood that third persons might endanger the safety of those lawfully on the premises (see Florman v City of New York, 293 AD2d 120, 124 [2002]), and whether defendants satisfied the duty, if any, to offer protection against such criminal activity on the premises (see Todorovich v Columbia Univ., 245 AD2d 45 [1997], lv denied 92 NY2d 805 [1998]). Foreseeability is thus an important element of liability in these circumstances. In light of the deposition testimony of plaintiffs Gibson and Roberts that employees of defendant Crab House took some affirmative action to halt the fights that eventually led to plaintiffs' injuries, questions of fact exist with respect to whether those employees assumed a legal duty to act, and whether that duty was subsequently breached (see Flynn v Niagara Univ., 198 AD2d 262, 264 [1993]).

There is no defense here based on the "serious injury" threshold of Insurance Law § 5102 (d), inasmuch as this action is not against "covered person[s]," nor do the injuries arise out of the negligent operation of a motor vehicle (Insurance Law § 5104 [a]). The Chelsea Piers defendants' cross claim for contractual indemnification against the restaurant defendants, not addressed by the motion court, was nonetheless premature and thus not entitled to summary judgment in light of the unresolved questions of negligence. Concur—Buckley, P.J., Nardelli, Andrias, Saxe and Lerner, JJ.