■ KULVIR SINGH et al., Plaintiffs, v NEW YORK CITY TRANSIT AUTHORITY, Defendant and Third-Party Plaintiff-Respondent. PROMO PRO, LTD., Third-Party Defendant-Appellant. [793 NYS2d 408]—

Order, Supreme Court, New York County (Robert D. Lippmann, J.), entered January 29, 2004, which to the extent appealed from, granted defendant and third-party plaintiff Transit Authority's motion for summary judgment to the extent of directing that third-party defendant Promo Pro permit the Transit Authority to engage counsel of its own choosing and reimburse the cost thereof, unanimously reversed, on the law, without costs or disbursements, and the motion denied.

Plaintiff worker was injured at a job site in the course of his employment with Promo Pro, which had contracted with the Transit Authority (TA) to perform certain ongoing construction work at the site. The contract required Promo Pro to indemnify the TA for any liability, including attorneys' fees, and to procure a liability policy naming the TA as an additional insured. Specifically, Promo Pro was required to indemnify the TA "to the fullest extent permitted by law . . . upon any and all claims and expenses, including but not limited to attorneys' fees," on account of personal injuries "irrespective of the actual cause of the accident, irrespective of whether it shall have been due in part to negligence of the Contractor or . . . the Indemnified Parties." It is undisputed that Promo Pro fulfilled its contractual obligation by obtaining additional insured coverage for the TA with Credit General Insurance Company (CG).

When the TA was sued by plaintiffs, it tendered its defense to CG, referring both to the contract's indemnity provision and to its status as an additional insured. CG agreed to defend the TA under a reservation of rights, which specifically noted its right to file a declaratory judgment action to determine its rights. The TA then commenced a third-party action against Promo Pro, which interposed a general denial. The TA sought contractual indemnification, including attorneys' fees, and asserted Promo Pro's negligence in causing the worker's injuries. The TA complained to the State Insurance Department's Liquidation Bureau (CG having been placed in liquidation) that the same law firm had been assigned to represent both the TA and Promo Pro and that in view of the potential conflict of interest, it was engaging separate counsel. In addition, it maintained that in view of CG's reservation of rights, the TA was entitled to retain counsel of its own choosing. The TA thereafter moved for summary judgment against Promo Pro on the issue of indemnification and for a direction that Promo Pro assume its defense and reimburse all defense costs incurred since the tender of the defense, arguing that the underlying accident was caused by Promo Pro's negligence and, on the defense issue, relying on the rule in insurance cases that the duty to defend is broader than the duty to indemnify.

Supreme Court denied summary judgment on the issue of indemnification, finding triable issues of fact as to whether the TA was itself negligent.* However, the TA's request to retain independent counsel and for reimbursement of defense costs was granted. On Promo Pro's appeal from the latter portion of the order, we reverse.

Although the TA sought summary judgment only under the contract's indemnification provision, the motion court did not base its decision as to attorneys' fees on that provision because it explicitly found issues of fact as to the TA's negligence. In the case of such an agreement as the one in question, an issue of fact as to the indemnitee's negligence bars recovery in indemnification (*Cavanaugh v 4518 Assoc.*, 9 AD3d 14, 19 [2004]; *see Lee v Chelsea Piers*, 11 AD3d 257 [2004]). Instead, the court relied on CG's voluntary assumption of the defense, but in so doing, failed to realize that neither CG nor the State Liquidator is a party to this lawsuit. Promo Pro's contractual indemnification obligation is separate and distinct from its insurer's duty to defend under the additional insured endorsement. Thus, the motion court erred in improperly enforcing the obligation of

---

* We are advised that a jury subsequently apportioned 10% of fault to the TA.

CG, the nonparty insurer, through Promo Pro. Concur—Tom, J.P., Saxe, Sullivan, Ellerin and Nardelli, JJ.