■ JOSE RUIZ, Respondent, v KEVIN GRIFFIN, Defendant, PCM DEVELOPMENT, INC., et al., Respondents, and OLD NAVY, INC., Appellant. (And a Third-Party Action.) [856 NYS2d 641]—

In an action, inter alia, to recover damages for wrongful death, the defendant Old Navy, Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court, Orange County (Slobod, J.), dated October 6, 2006, as, upon reargument, adhered to a determination in an order dated June 22, 2006 denying, as premature, its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs.

Initially, we note that a previous appeal by Old Navy, Inc. (hereinafter Old Navy), from the order dated June 22, 2006 was dismissed by decision and order on motion of this Court dated August 13, 2007, for failure to prosecute (*see* 22 NYCRR 670.8 [h]). Although Old Navy ordinarily would be precluded from relitigating on this appeal issues that could have been raised on the prior appeal (*see Rubeo v National Grange Mut. Ins. Co.,* 93 NY2d 750 [1999]; *Bray v Cox,* 38 NY2d 350, 353 [1976]), under the circumstances of this case, we exercise our discretion to entertain this appeal (*see Sharp v Sharp,* 27 AD3d 639 [2006]; *Roland v Ajamian,* 17 AD3d 440 [2005]; *Rose v Horton Med. Ctr.,* 5 AD3d 459, 460 [2004]).

With respect to the merits of the motion, although Old Navy demonstrated its prima facie entitlement to summary judgment dismissing the complaint and all cross claims insofar as asserted against it (*see Alvarez v Prospect Hosp.,* 68 NY2d 320 [1986]), the Supreme Court properly denied the motion as premature (*see Juseinoski v New York Hosp. Med. Ctr. of Queens,* 29 AD3d 636, 637 [2006]; *Baron v Incorporated Vil. of Freeport,* 143 AD2d 792, 792-793 [1988]). "CPLR 3212 (f) permits a party opposing summary judgment to obtain further discovery when it appears that facts supporting the position of the opposing party exist but cannot be stated" (*Juseinoski v New York Hosp. Med. Ctr. of Queens,* 29 AD3d at 637). "This is especially so where the opposing party has not had a reasonable opportunity for disclosure prior to the making of the motion" (*Baron v Incorporated Vil. of Freeport,* 143 AD2d at 793). Here, the plaintiffs raised issues warranting further discovery. Accordingly, the Supreme Court properly denied, as premature, Old Navy's motion for summary judgment.

Further, contrary to Old Navy's contention, the action is not barred by the exclusivity provision of the Workers' Compensation Law (*see* Workers' Compensation Law § 11). "In determining whether the victim of an assault is entitled to workers' compensation benefits, the test is whether the assault originated in work-related differences or from pure personal animosity between the combatants" (*Matter of Baker v Hudson Val. Nursing Home,* 233 AD2d 608, 608 [1996]; *see Matter of Perez v Victory Motor Inn,* 2 AD3d 963, 963-964 [2003]; *Matter of Blair v Bailey,* 279 AD2d 941, 942 [2001]; *Matter of Rosen v First Manhattan Bank,* 202 AD2d 864, 865 [1994]; *Matter of Privatera v Yellow Cab Co.,* 158 AD2d 835, 836 [1990]; *Matter of Arrington v Schneider,* 75 AD2d 963 [1980]). Here, Old Navy's assertion

that the assault was work-related because the decedent's assailant, the defendant Kevin Griffin, knew the decedent from the decedent's employment at Old Navy and perceived the decedent as a rival for the affection of the decedent's coworker at Old Navy, is without merit *(see Matter of Scholtzhauer v C. & L. Lunch Co.,* 233 NY 12, 15 [1922]; *Matter of McMillan v Dodsworth,* 254 AD2d 619 [1998]; *Matter of Russo v HRT, Inc. of Orange County,* 246 AD2d 933 [1998]; *Matter of Mintiks v Metropolitan Opera Assn.,* 153 AD2d 133, 137 [1990]). Spolzino, J.P., Santucci, Angiolillo and Carni, JJ., concur.