■ Jose Ruiz, Appellant, v Kevin Griffin et al., Defendants, and Old Navy, Inc., Respondent. [898 NYS2d 590]—

In an action, inter alia, to recover damages for wrongful death, etc., the plaintiff appeals, as limited by his notice of appeal and brief, from so much of (1) an order of the Supreme Court, Orange County (Slobod, J.), dated January 8, 2009, as granted that branch of the motion of the defendant Old Navy, Inc., which was for summary judgment dismissing the complaint insofar as asserted against it, and denied that branch of his cross motion which was for leave to amend the bill of particulars as to Old Navy, Inc., and (2) a judgment of the same court entered February 5, 2009, as, upon the order, is in favor of Old Navy, Inc., and against him, dismissing the complaint insofar as asserted against that defendant.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is reversed insofar as appealed from, on the law, the complaint is reinstated insofar as asserted against the defendant Old Navy, Inc., that branch of the motion of Old Navy, Inc., which was for summary judgment dismissing the complaint insofar as asserted against it is denied, that branch of the plaintiff's cross motion which was for leave to amend the bill of particulars as to Old Navy, Inc., is granted, and the order is modified accordingly; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

In March 2004 the plaintiff's decedent, Timothy Ruiz, was employed as a manager by the defendant Old Navy, Inc. (hereinafter Old Navy), whose store was located in the Galleria at Crystal Run. As a result of anonymous threats against Ruiz and acts of vandalism against his car, Ruiz was escorted from the store to his car in the mall parking lot by loss prevention agents employed by Old Navy. A specific parking lot was used in order to take advantage of a closed circuit television camera owned by the defendant Filene's, Inc., and located at the mall exit nearest the American Cafe. On March 13, 2004, the defendant Kevin Griffin, who reportedly was jealous of Ruiz's friendship with a coworker at Old Navy, fatally shot Ruiz as Ruiz was walking to his car. It is undisputed that, just prior to the shooting, one of the two loss prevention agents escorting Ruiz stopped at his own vehicle to retrieve his cigarettes, and the other agent waited for that agent while Ruiz walked alone ahead to his car.

The plaintiff commenced this wrongful death action alleging, inter alia, that Old Navy attempted to protect the decedent but did so negligently and increased the risk of harm to the decedent.

On a prior motion by Old Navy for summary judgment dismissing the complaint insofar as asserted against it, the Supreme Court denied the motion with leave to renew upon completion of discovery (see CPLR 3212 [f]). On an appeal taken by Old Navy, this Court affirmed (see Ruiz v Griffin, 50 AD3d 1005 [2008]). Following discovery, Old Navy again moved for summary judgment dismissing the complaint insofar as asserted against it. The Supreme Court, inter alia, granted the motion and entered judgment in favor of Old Navy and against the plaintiff dismissing the complaint insofar as asserted against it, determining that the sole proximate cause of the decedent's death was Griffin's murderous act. The plaintiff appeals. We reverse the judgment insofar as appealed from.

The elements of common-law negligence are a duty owed by the defendant to the plaintiff, a breach of that duty, and a showing that the breach of that duty constituted a proximate cause of the injury (see Ingrassia v Lividikos, 54 AD3d 721 [2008]; Vetrone v Ha Di Corp., 22 AD3d 835 [2005]; Gordon v Muchnick, 180 AD2d 715 [1992]). "[T]he scope of the duty owed by the defendant is defined by the risk of harm reasonably to be perceived" (Sanchez v State of New York, 99 NY2d 247, 252 [2002]; see Palsgraf v Long Is. R.R. Co., 248 NY 339, 344 [1928]; Ingrassia v Lividikos, 54 AD3d at 724; Demshick v Community Hous. Mgt. Corp., 34 AD3d 518, 520 [2006]; Vetrone v Ha Di Corp., 22 AD3d at 837).

"[E]ven when no original duty is owed to the plaintiff, once a defendant undertakes to perform an act for the plaintiff's benefit, the act must be performed with due care for the safety of plaintiff" (Kreindler, Rodriguez, Beekman and Cook, New York Law of Torts § 6:14 [14 West's NY Prac Series 1997]; see Parvi v City of Kingston, 41 NY2d 553, 559 [1977]; Demshick v Community Hous. Mgt. Corp., 34 AD3d at 518; Mirza v Metropolitan Life Ins. Co., 2 AD3d 808 [2003]; Gordon v Muchnick, 180 AD2d at 715; Kaplan v Dart Towing, 159 AD2d 610 [1990]; Restatement [Second] of Torts § 323). "When the intervening, intentional act of another is itself the foreseeable harm that shapes the duty imposed, the defendant who fails to guard against such conduct will not be relieved of liability when that act occurs" (Kush v City of Buffalo, 59 NY2d 26, 33 [1983]; see Fowler v Yonkers Gospel Mission, 67 AD3d 635, 637 [2009]).

"Foreseeability includes what the [defendant] actually knew,

as well as what it reasonably should have known" (*Matter of World Trade Ctr. Bombing Litig.*, 3 Misc 3d 440, 467 [2004]; *see Sanchez v State of New York*, 99 NY2d at 255). Questions of foreseeability are for the court to determine as a matter of law when there is only a single inference that can be drawn from the undisputed facts (*see Mei Cai Chen v Everprime 84 Corp.*, 34 AD3d 321, 322 [2006]).

Here, Old Navy made a prima facie showing of its entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against it (*see Ruiz v Griffin*, 50 AD3d at 1006). In response, however, viewing the evidence in the light most favorable to the plaintiff, affording him the benefit of every favorable inference (*see Franklin v 2 Guys From Long Pond, Inc.*, 50 AD3d 846 [2008]), and applying the *Noseworthy* doctrine (*see Noseworthy v City of New York*, 298 NY 76 [1948]) to hold the plaintiff to a lesser standard of proof in this wrongful death action, the plaintiff submitted evidence sufficient to raise triable issues of fact as to whether Old Navy knew or should have known of a likelihood that a third person might endanger the safety of the plaintiff's decedent, whether Old Navy satisfied the duty, if any, to offer protection against such criminal activity, and whether Old Navy's alleged negligence placed the plaintiff's decedent in a more vulnerable position than he would have been had Old Navy never taken any action at all (*see Nallan v Helmsley-Spear, Inc.*, 50 NY2d 507 [1980]; *Demshick v Community Hous. Mgt. Corp.*, 34 AD3d at 518; *Mirza v Metropolitan Life Ins. Co.*, 2 AD3d at 808; *Lee v Chelsea Piers*, 11 AD3d 257 [2004]).

Accordingly, the Supreme Court erred in granting Old Navy's motion for summary judgment. The court's function on a motion for summary judgment is "to determine whether material factual issues exist, not to resolve such issues" (*Lopez v Beltre*, 59 AD3d 683, 685 [2009]; *see Sillman v Twentieth Century-Fox Film Corp.*, 3 NY2d 395, 404 [1957]; *Miele v American Tobacco Co.*, 2 AD3d 799, 803 [2003] [issue finding, not issue determination]). A motion for summary judgment "should not be granted where the facts are in dispute, where conflicting inferences may be drawn from the evidence, or where there are issues of credibility" (*Scott v Long Is. Power Auth.*, 294 AD2d 348 [2002]; *see Baker v D.J. Stapleton, Inc.*, 43 AD3d 839 [2007]).

Since Old Navy did not oppose that branch of the plaintiff's cross motion which was for leave to amend the bill of particulars as to Old Navy to add allegations sounding in its failure to adequately train its employees, and because the record does not indicate that Old Navy would be prejudiced by such an amendment, that branch of the cross motion should have been granted

*(see Sleepy's, Inc. v Orzechowski,* 7 AD3d 511 [2004]; CPLR 3025 [b]). Skelos, J.P., Santucci, Angiolillo and Chambers, JJ., concur.