■ In the Matter of the Claim of MARY WADSWORTH, Respondent, v K-MART CORPORATION et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [898 NYS2d 338]—

Mercure, J.P. Appeal from a decision of the Workers' Compensation Board, filed December 5, 2008, which ruled, among other things, that claimant sustained an injury arising out of and in the course of her employment.

Claimant worked as an assistant store manager for the employer. In September 2006, her personal vehicle was stolen while she worked. One week later, claimant was reporting to work when she noticed that the stolen car was idling in the store's parking lot. Claimant approached the vehicle and became involved in a physical altercation with the driver. During the scuffle, a store employee who was acquainted with claimant's assailant exited the store, jumped into the vehicle and began driving away. Claimant's assailant then ran off, eventually got into the vehicle with the employee, and the two fled.

Claimant thereafter applied for workers' compensation benefits, claiming psychological injuries. As is relevant here, a Workers' Compensation Law Judge disallowed the claim insofar as it related to the above incident, finding that claimant's injuries did not arise out of her employment. Upon review, the Workers' Compensation Board disagreed and ruled that the injuries were sufficiently related to her employment to be compensable. The employer and its workers' compensation carrier appeal.

The employer and carrier readily concede that the assault at issue occurred in the course of claimant's employment. The assault was accordingly presumed to have also arisen out of her employment, a presumption that could be rebutted with substantial evidence that the assault was motivated by purely personal animosity (see Workers' Compensation Law § 21; *Matter of Rosen v First Manhattan Bank*, 84 NY2d 856, 857 [1994]; *Matter of Turner v F.J.C. Sec. Servs.*, 306 AD2d 649, 649 [2003]). While this is a question of fact for the Board to decide, and an

award of benefits is proper if "there is any nexus, however slender, between the motivation for the assault and the employment" (*Matter of Baker v Hudson Val. Nursing Home*, 233 AD2d 608, 608 [1996] [citations omitted], *lv denied* 89 NY2d 813 [1997]; *accord Matter of Perez v Victory Motor Inn*, 2 AD3d 963, 964 [2003]), the decision must be based on "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion" (*Consolidated Edison Co. v NLRB*, 305 US 197, 229 [1938]; *accord Matter of Russo v HRT, Inc. of Orange County*, 246 AD2d 933, 934 [1998], *lv denied* 91 NY2d 815 [1998]).

Based upon our review of the record, we conclude that the statutory presumption was rebutted by substantial evidence presented that the motivation for the assault was purely personal animosity between claimant and the individual she discovered driving her stolen vehicle. Claimant's assailant was not a coworker or otherwise connected to her employment and there is no work-related explanation given for the altercation. Although the Board emphasized the fact that a coworker became peripherally involved in the fracas, this evidence alone does not provide a nexus between the motivation for the assault and claimant's employment (*see e.g. Matter of Perez v Victory Motor Inn*, 2 AD3d at 964). Inasmuch as the evidence supports a finding that the assault was motivated by personal hostilities between claimant and her assailant, with no established nexus between the attack and claimant's employment, we conclude that the Board's determination in this regard was arbitrary and should be reversed (*see Matter of Russo v HRT, Inc. of Orange County*, 246 AD2d at 935; *see also Matter of Perez v Victory Motor Inn*, 2 AD3d at 964; *Matter of Turner v F.J.C. Sec. Servs.*, 306 AD2d at 650).

Spain, Rose, Lahtinen and Stein, JJ., concur. Ordered that the decision is modified, without costs, by reversing so much thereof as found the claim relating to the September 2006 incident compensable; said claim dismissed; and, as so modified, affirmed.