■ In the Matter of the Claim of ANN M. BELASKA, Appellant, v NEW YORK STATE DEPARTMENT OF LAW et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [946 NYS2d 904]—

Peters, P.J. Appeal from a decision of the Workers' Compensation Board, filed December 6, 2010, which ruled that claimant's injury did not arise out of her employment and denied her claim for workers' compensation benefits.

aimant, a clerk for the Department of Law, sustained injuries to her chest, neck and right shoulder after she was involved in an altercation with a fellow passenger on the shuttle bus ride to a satellite parking lot in September 2009. Subsequently, claimant sought workers' compensation benefits for her physical injuries, as well as for consequential posttraumatic stress disorder. The State Insurance Fund, as the workers' compensation carrier for the employer, controverted the claim. Ultimately, the Workers' Compensation Board denied the claim, finding that the injuries did not arise out of claimant's employment. Claimant now appeals.

We affirm. Injuries stemming from an assault which arose in the course of employment are presumed to have arisen out of the employment unless substantial evidence is presented that the assault was motivated by purely personal animosity (*see Matter of Rosen v First Manhattan Bank*, 84 NY2d 856, 857 [1994]; *Matter of Wadsworth v K-Mart Corp.*, 72 AD3d 1244, 1244-1245 [2010]; *Matter of Turner v F.J.C. Sec. Servs.*, 306 AD2d 649, 649 [2003]). Here, claimant testified that, at the end of the bus ride to her car after work, a passenger tried to exit before claimant and she told the passenger to wait for her because of her disabilities. When that passenger became frustrated because claimant was not getting off the bus fast enough, a verbal altercation ensued which then became physical, leading to claimant's injuries. Notably, claimant testified that she had never before met the person who allegedly assaulted her. Thus, we find that substantial evidence supports the Board's determination that the assault on claimant arose from personal hostilities unrelated to her employment (*see Matter of Perez v Victory Motor Inn*, 2 AD3d 963, 964 [2003]; *Matter of Turner v F.J.C. Sec. Servs.*, 306 AD2d at 650; *see also Matter of Wadsworth v K-Mart Corp.*, 72 AD3d at 1245). We have examined claimant's remaining contentions and find them unavailing.

Spain, Malone Jr., Kavanagh and Garry, JJ., concur. Ordered that the decision is affirmed, without costs.