| Frazier v City of New York |
|---|
| 2024 NY Slip Op 32543(U) |
| July 23, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 452684/2022 |
| Judge: Hasa A. Kingo |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT: **HON. HASA A. KINGO**     PART     **05M**

*Justice*

-----------------------------------------------------------------------------X

REGINALD FRAZIER,

         Plaintiff,

- v -

CITY OF NEW YORK, CONSOLIDATED EDISON,
INC.,CONSOLIDATED EDISON COMPANY OF NEW
YORK, INC.,WELSBACH ELECTRIC CORP., E-J
ELECTRIC LLC,RESTANI CONSTRUCTION CORP.,
RAMON GARRIDO,

         Defendant.

-----------------------------------------------------------------------------X

E-J ELECTRIC LLC

         Plaintiff,

-against-

NICO ASPHALT PAVING INC., CITYWIDE PAVING INC.

         Defendant.

-----------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 452684/2022 |
| MOTION DATE | 02/09/2024, 03/29/2024 |
| MOTION SEQ. NO. | 002 003 |

**DECISION + ORDER ON MOTION**

Third-Party
Index No. 595255/2023

The following e-filed documents, listed by NYSCEF document number (Motion 002) 80, 81, 82, 83, 84, 85, 86, 87, 88, 89, 90, 91, 92, 95, 116, 122, 124, 126, 128, 129, 130, 133, 135, 136

were read on this motion for       SUMMARY JUDGMENT       .

The following e-filed documents, listed by NYSCEF document number (Motion 003) 96, 97, 98, 99, 100, 101, 102, 103, 104, 105, 106, 107, 108, 109, 110, 111, 112, 113, 114, 115, 117, 118, 119, 120, 121, 123, 125, 127, 131, 132, 134

were read on this motion for       SUMMARY JUDGMENT       .

Plaintiff Reginald Frazier ("Plaintiff") initiated this action against defendants City of New York, Con Edison, Welsbach Electric Corp., E-J Electric LLC ("E-J Electric"), Restani Construction Corp., and Ramon Garrido, following an incident on August 5, 2020, where Plaintiff tripped and fell due to a pothole in the intersection of Dyckman Street and Broadway in New York County, and was subsequently assaulted by Garrido. E-J Electric, in turn, filed a third-party complaint against Nico Asphalt Paving Inc. and Citywide Paving Inc. ("Nico Asphalt and Citywide Paving"), seeking indemnification and related relief.

**452684/2022 REGINALD FRAZIER vs. CITY OF NEW YORK ET AL.**       **Page 1 of 4**
**Motion No. 002 003**

1 of 4

## ARGUMENTS

By Motion Seq. 002, Nico Asphalt and Citywide Paving move for summary judgment, arguing that they did not own, operate, control, maintain, or perform any work at the location of Plaintiff's accident prior to the incident. They assert that their involvement was limited to work within four feet of the sidewalk curbs and crosswalks at the intersection, far from where the accident occurred. They further argue that their contractual obligations to E-J Electric did not extend to the area of the incident and, therefore, they cannot be found liable.

In opposition, E-J Electric contends that summary judgment is premature as there are outstanding discovery issues, including depositions. E-J Electric maintains that Nico and Citywide's work, which concluded in 2016, might still be relevant to the condition of the intersection at the time of Plaintiff's accident.

Separately, by Motion Seq. 003, E-J Electric seeks summary judgment to dismiss Plaintiff's complaint and all cross-claims against it. Alternatively, it seeks summary judgment on its third-party claims against Nico Asphalt and Citywide Paving. E-J Electric argues that it did not owe a duty to Plaintiff, did not cause or create the defect, and had no actual or constructive notice of any defect. E-J Electric further argues that its work concluded in 2016, well before Plaintiff's accident in 2020.

Plaintiff opposes this motion (Motion Seq. 003), arguing that E-J Electric's work may have contributed to the dangerous condition and that summary judgment is premature pending depositions. Plaintiff emphasizes that E-J Electric retained Nico and Citywide for final roadway restoration, which might implicate E-J Electric in the defective condition of the roadway.

## DISCUSSION

A motion for summary judgment "shall be granted if, upon all the papers and proofs submitted, the cause of action or defense shall be established sufficiently to warrant the court as a matter of law in directing judgment in favor of any party" (CPLR § 3212[b]). The proponent must demonstrate that there are no material issues of fact in dispute and that it is entitled to judgment as a matter of law (*Dallas-Stephenson v Waisman*, 39 AD3d 303, 306 [1st Dept 2007]). The movant's burden is heavy, and on such motions, facts must be viewed in the light most favorable to the non-moving party (*William J. Jenack Estate Appraisers & Auctioneers, Inc. v Rabizadeh*, 22 NY3d 470, 475 [2013]).

Summary judgment is inappropriate where facts are in dispute, conflicting inferences can be drawn, or issues of credibility exist (*Ruiz v Griffin*, 71 AD3d 1112, 1115 [2d Dept 2010]). It is also premature when further discovery is necessary (*Mason v City of New York*, 121 AD3d 468 [1st Dept 2014]; *Blech v West Park Presbyt. Church*, 97 AD3d 443 [1st Dept 2012]).

Likewise, a motion for summary judgment is premature when the issues it raises necessitate further discovery that has not yet been completed, especially when depositions and physical examinations of the Plaintiff remain outstanding (*see Mason v. City of New York*, 121 AD3d 468 [1st Dept 2014]; *see also Blech v. West Park Presbyt. Church*, 97 AD3d 443 [1st Dept 2012]).

**452684/2022   REGINALD FRAZIER vs. CITY OF NEW YORK ET AL.**                    **Page 2 of 4**
**Motion No.  002 003**

2 of 4

[* 2]

**Nico Asphalt and Citywide Paving's Motion**

Here, Nico Asphalt and Citywide Paving have failed to meet their prima facie burden. They did not adequately address the scope of their work and its potential impact on the area where the incident occurred. Furthermore, they did not sufficiently refute E-J's contractual indemnification claims or address the failure to procure insurance. The potential relevance of their work to the condition of the intersection, their contractual relationships, and the outstanding discovery, including depositions, warrant a denial of summary judgment. Additionally, issues regarding indemnification and the procurement of insurance have not been conclusively resolved.

Given the complexity of the issues and the need for further discovery, particularly depositions, granting summary judgment at this stage is premature. The facts surrounding the condition of the intersection and the work performed by Nico Asphalt and Citywide Paving remain in dispute. Accordingly, Nico Asphalt and Citywide Paving's motion is denied.

**E-J Electric's Motion**

E-J Electric similarly failed to meet its prima facie burden and demonstrate an absence of material issues of fact. Although E-J Electric presents evidence indicating that its work primarily involved the installation of pedestrian signals, it also acknowledges hiring Nico Asphalt and Citywide Paving for roadwork. Crucially, E-J Electric does not argue that it cannot be held liable for the negligence of an independent contractor, which leaves open the possibility of vicarious liability.

E-J Electric offers the affidavit of its executive vice president, David Ferguson, asserting that no work was performed in the accident area. However, Ferguson's affidavit cannot serve as the sole basis for summary judgment, especially absent the opportunity to depose him regarding the specifics of his statements. Ferguson's claim that E-J Electric did no work in the area of the accident conflicts with records showing that E-J Electric was present in the same general area installing pedestrian signals four years earlier, and performed final roadway restoration as part of their contract with the City of New York.

E-J Electric fails to provide affirmative evidence demonstrating how the work was completed and whether it adhered to industry standards. E-J Electric provides no details regarding the creation of the dangerous condition, the nature of the defect, or any expert testimony asserting that the work performed could not have contributed to the hazardous state of the roadway. E-J Electric's reliance on counsel's opinion that the work was "too far" from the incident location is insufficient without substantiating evidence.

A critical question remains as to whether the area was left safe and level after E-J Electric's project was completed. According to *Espinal v. Melville Construction*, 98 NY2d 136 (2002), a contractor's duty to a third party may extend to conditions created by their work. Affording Plaintiff every favorable inference, it is reasonable to infer that the roadwork performed by E-J Electric or its agents might have contributed to the unevenness of the roadway where Plaintiff sustained injury.

**452684/2022   REGINALD FRAZIER vs. CITY OF NEW YORK ET AL.**                    **Page 3 of 4**
**Motion No.  002 003**

3 of 4

[* 3]

Plaintiff has not had the opportunity to depose a witness regarding the full extent of the work done at the intersection four years prior, and a self-serving affidavit and work logs do not suffice to eliminate material issues of fact. E-J Electric has provided edited maps and self-serving testimony regarding the parameters of the work, which are precisely the type of materials suitable for deposition.

Summary judgment is inappropriate at this juncture, as the deposition process is essential to determine whether E-J Electric's actions contributed to the dangerous condition at issue. Dismissal of the claims against E-J Electric before further discovery and examination of their evidence is premature.

Based on the foregoing, Nico Asphalt and Citywide Paving's motion for summary judgment is denied as premature and for failing to meet their burden. Separately, E-J Electric's motion for summary judgment is also denied as premature and for failing to meet its burden.

Accordingly, it is

ORDERED that the motion of Nico Asphalt and Citywide Paving for summary judgment is denied, with leave to renew following the completion of discovery; and it is further

ORDERED that the motion of E-J Electric for summary judgment is denied, with leave to renew following the completion of discovery.

This constitutes the decision and order of the court.

_____
**7/23/2024**
**DATE**

_____
**HASA A. KINGO, J.S.C.**

| CHECK ONE: | ☐ CASE DISPOSED | ☒ NON-FINAL DISPOSITION | |
| | ☐ GRANTED ☒ DENIED | ☐ GRANTED IN PART | ☐ OTHER |
| APPLICATION: | ☐ SETTLE ORDER | ☐ SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

**452684/2022  REGINALD FRAZIER vs. CITY OF NEW YORK ET AL.**
**Motion No. 002 003**

Page 4 of 4

4 of 4

[* 4]