| |
|---|
| **Bah v City of New York** |
| 2024 NY Slip Op 34316(U) |
| December 5, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 152996/2015 |
| Judge: Hasa A. Kingo |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    **HON. HASA A. KINGO**                    PART                05M
                                          *Justice*

-----------------------------------------------------------------------------X

OSMAN BAH,                                          INDEX NO.        152996/2015

                                                    MOTION DATE      10/02/2024
                      Plaintiff,
                                                    MOTION SEQ. NO.      007
                  - v -

THE CITY OF NEW YORK, THE NEW YORK CITY
DEPARTMENT OF TRANSPORTATION, CONSOLIDATED
EDISON COMPANY OF NEW YORK, INC.,ISLAND            **DECISION + ORDER ON**
RESEARCH AND DEVELOPMENT CORPORATION D/B/A            **MOTION**
ISLAND TECHNOLOGY,

                      Defendant.

-----------------------------------------------------------------------------X

CONSOLIDATED EDISON COMPANY OF NEW YORK, INC.          Third-Party
                                                    Index No.  595995/2020
                      Plaintiff,

                  -against-

OSMOSE UTILITIES SERVICES, INC.

                      Defendant.

-----------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 007) 260, 261, 262, 263, 264, 265, 266, 267, 268, 269, 270

were read on this motion to/for                  SUMMARY JUDGMENT                  .

Upon the foregoing documents, the motion filed by defendant Island Research and Development Corporation d/b/a Island Technology ("Island Technology") for summary judgment and to dismiss the complaint and crossclaims as against it is granted without opposition.

## BACKGROUND

Plaintiff Osman Bah ("Plaintiff") commenced this personal injury action to recover damages for injuries Plaintiff allegedly incurred on November 17, 2014 when a manhole cover located at the intersection of Lexington Avenue and East 44th Street in New York City exploded, which caused the manhole cover and other debris to fly up and crash into a taxi that Plaintiff was driving (NYSCEF Doc No. 3, amended complaint ¶ 52). Plaintiff commenced this action by filing a summons and complaint against defendants the City of New York (the "City"), the New York State Department of Transportation ("DOT"), and the Consolidated Edison Company of New York, Inc. ("Con Edison") on March 26, 2015 (NYSCEF Doc No. 1, verified complaint). Plaintiff

**152996/2015   BAH, OSMAN vs. CITY OF NEW YORK**                    **Page 1 of 4**
 **Motion No.  007**

filed an amended verified complaint as of right on April 7, 2015 (NYSCEF Doc No. 3, amended complaint). Con Edison filed an answer to the amended complaint and cross-complaint on May 5, 2015 (NYSCEF Doc No. 4, verified answer).

On January 17, 2014, Plaintiff commenced a second action against Island Technologies, bearing Supreme Court, New York County Index No. 150557/2017 (NYSCEF Doc No. 261, Gerard aff in support, exhibit C). Island Technology served a verified answer on May 21, 2017 (*id.*, exhibit D). The two actions were consolidated under Index No. 152956/2015 by order dated May 29, 2018 (*id.* ¶ 9). On December 2, 2020, Con Edison commenced a third-party action against Osmose (*id.* ¶ 10). On April 1, 2021, Island Technologies filed a motion for summary judgment, which was denied by as premature by order dated June 24, 2021 (NYSCEF Doc No. 262, order). Additional discovery was then completed. On October 2, 2024, Island Technologies filed this second motion for summary judgment (NYSCEF Doc No, 260, notice of motion). The motion was fully submitted with no opposition on November 12, 2024.

## DISCUSSION

A motion for summary judgment "shall be granted if, upon all the papers and proofs submitted, the cause of action or defense shall be established sufficiently to warrant the Court as a matter of law in directing judgment in favor of any party" (CPLR § 3212[b]). "The proponent of a motion for summary judgment must demonstrate that there are no material issues of fact in dispute, and that it is entitled to judgment as a matter of law" (*Dallas-Stephenson v Waisman*, 39 AD3d 303, 306 [1st Dept 2007]). Upon a proffer of evidence establishing a *prima facie* case by the movant, the party opposing a motion for summary judgment bears the burden of producing evidentiary proof in admissible form sufficient to require a trial of material questions of fact (*Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). The movant's burden is "heavy," and "on a motion for summary judgment, facts must be viewed in the light most favorable to the non-moving party" (*William J. Jenack Estate Appraisers & Auctioneers, Inc. v Rabizadeh*, 22 NY3d 470, 475 [2013][internal quotation marks and citation omitted]). "A motion for summary judgment should not be granted where the facts are in dispute, where conflicting inferences may be drawn from the evidence, or where there are issues of credibility" (*Ruiz v Griffin*, 71 AD3d 1112, 1115 [2d Dept 2010][internal quotation marks and citation omitted]).

As a threshold matter, the court must determine whether it is appropriate to consider the merits of Island Technology's second motion for summary judgment. "Successive motions for summary judgment should not be entertained without a showing of newly discovered evidence or other sufficient justification" (*Jones ex rel. Cline v 636 Holding Corp.*, 73 AD3d 409, 409 [1st Dept 2010]). However, this "policy has no application where, as here, the first motion, made before discovery, is denied on the ground of the existence of a factual issue which, through later uncovering of the facts, is resolved or eliminated" (*Pough v Aegis Prop. Servs. Corp.*, 186 AD2d 52, 53 [1st Dept 1992]). Here, the prior motion was "denied on the basis that discovery, including the movant's deposition, remains outstanding" (NYSCEF Doc No. 85, order at 2). The parties then completed additional discovery, including depositions of Con Edison and Island Technology. Whereas the new motion for summary judgment is largely predicated on this newly discovered evidence, the policy barring successive motions is not applicable, and it is appropriate for this court to consider the motion (*see Pough*, 186 AD2d at 53).

152996/2015   BAH, OSMAN vs. CITY OF NEW YORK
Motion No.  007

Page 2 of 4

2 of 4

To maintain a cause of action in negligence, a plaintiff must first demonstrate a duty owed by the defendant to the plaintiff predicated upon "occupancy, ownership, control or a special use of such premises" (*Balsam v Delma Eng'g Corp.*, 139 AD2d 292, 296 [1st Dept 1988]). Alternatively, a duty is imposed (1) where defendant contractor creates or exacerbates a harmful condition in the execution of its contract, (2) where the plaintiff has suffered injury as a result of reasonable reliance upon the defendant's continuing performance of a contractual obligation, or (3) where the contracting party has entirely displaced the other party's duty to maintain the premises safely (*Church ex rel. Smith v Callanan Indus., Inc.*, 99 NY2d 104, 111 [2002]). "In the absence of a duty, as a matter of law, there can be no liability" (*Pasternack v Lab's Corp. of Am. Holdings*, 27 NY3d 817, 825 [2016]).

Island Technology has met its burden on this motion by demonstrating that it did not own, operate, or control the subject property, and it did not create or exacerbate the condition that purportedly caused Plaintiff's injury (NYSCEF Doc Nos. 261-267). The proffered evidence indicates that manhole and related service box are owned by defendant Consolidated Edison ("Con Ed") (NYSCEF Doc No. 261, Gerard aff in support ¶ 13; NYSCEF Doc No. 264, inspection records). Con Edison contracted with Island Technology and third-party defendant Osmose Utilities Services, Inc. ("Osmose") to assist in required periodic inspections of the manhole and related service boxes (Gerard aff in support ¶¶ 3-4). However, the agreement between Island Technology and Con Edison covered the period from February 1, 2008 until November 30, 2009 (*id*. ¶ 5). Documents produced by Con Edison during discovery indicated that the subject manhole was inspected by a Con Edison employee on February 10, 2009, and by an Osmose employees on August 6, 2014 (*id*. ¶¶ 13-15). Conversely, the vice president of Island Technology testified at a deposition that Island Technology had no record of the company inspecting the manhole or service box (NYSCEF Doc No. 266, transcript at 25, 30). The evidence presented is uncontroverted and no opposition to the motion has been filed. As such, Island Technology is entitled to summary judgment in its favor.

Accordingly, it is

ORDERED that the motions for summary judgment of defendant Island Research and Development Corporation d/b/a Island Technology is granted and the complaint and all crossclaims are dismissed against them; and it is further

ORDERED that the said claims and cross-claims against defendant Island Research and Development Corporation d/b/a Island Technology are severed and the balance of the action shall continue; and it is further

ORDERED that the Clerk of the Court shall enter judgment in favor of defendant Island Research and Development Corporation d/b/a Island Technology dismissing the claims and cross-claims made against them in this action, together with costs and disbursements to be taxed by the Clerk upon submission of an appropriate bill of costs.; and it is further

ORDERED that a settlement conference will be held in this matter on December 10, 2024 at 2:15 p.m. at 80 Centre Street, Room 320, New York, New York.

**152996/2015 BAH, OSMAN vs. CITY OF NEW YORK**
**Motion No. 007**

**Page 3 of 4**

This constitutes the order and decision of the court.

| | |
|---|---|
| **12/5/2024** | 20241205142144HKINGO0048                 CF13C4DC8BFE24F7AB43F02S0 |
| **DATE** | **HASA A. KINGO, J.S.C.** |

**CHECK ONE:**      ☐ CASE DISPOSED      ☒ NON-FINAL DISPOSITION

              ☒ GRANTED    ☐ DENIED    ☐ GRANTED IN PART    ☐ OTHER

**APPLICATION:**      ☐ SETTLE ORDER      ☐ SUBMIT ORDER

**CHECK IF APPROPRIATE:**      ☐ INCLUDES TRANSFER/REASSIGN      ☐ FIDUCIARY APPOINTMENT      ☐ REFERENCE

**152996/2015   BAH, OSMAN vs. CITY OF NEW YORK**
**Motion No.  007**

**Page 4 of 4**

[* 4]

4 of 4